[No. 2332.   Decided November 11, 1896.]

A. PERCIVAL *et al.*, *Respondents*, v. COWYCHEE AND
    WIDE HOLLOW IRRIGATION DISTRICT, *Appellant*.

STATUTES — CONSTITUTIONALITY — SCOPE OF TITLE.

The title of an act showing that its object is to provide for the
organization and government of irrigation districts and the sale of
bonds arising therefrom is not broad enough to embrace a provision
in the act for validating the indebtedness of a district previously
organized and the levying of a tax to pay the same.

Appeal from Superior Court, Yakima County.—
Hon. H. B. RIGG, Judge *pro tem.*   Affirmed.

*H. J. Snively, Fred Miller, Reavis & Englehart,* and
*Whitson & Parker,* for appellant.

*Frank H. Rudkin,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—The only authority for the levy of the
tax, the collection of which was in controversy in this
action, was the provision of the act of March 22, 1895,
(Laws 1895, p. 451, § 27), which provided that:

"Whenever the board of directors of any district
heretofore formed under this act shall have attempted
to incur any indebtedness prior to this amendment
going into effect, and when the only ground of the in-
validity of such indebtedness is that the board of
directors was not authorized to incur such indebted-
ness so contracted by said board, such indebtedness is
hereby declared valid and binding upon said district,
and the said directors are authorized to make an as-
sessment of the property in said district as provided
by this act as amended and to levy a tax upon said
property as other levies are required to be made to
pay such debts; *Provided,* such indebtedness shall
not exceed the sum of $5,000."

If this provision was in force it was sufficient to authorize the levy in question, but it is claimed that it is void for the reason that it is not within the title of the act, and hence in violation of § 19 of art. 2 of the constitution. The title of the act in which the provision is contained is in the following language:

"An Act to amend an act providing for the organization and government of irrigation districts and the sale of bonds arising therefrom, and declaring an emergency, the same being §§ 1, 2, 4, 10, 16, 17, 18, 19, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 38, 39, 40, 42, 59 and 70, approved March 20th, 1890, and declaring an emergency."

The wording of this title is such as to make it difficult to determine the exact title of the act of which it was amendatory. It was in the following language:

"An Act providing for the organization and government of irrigating districts and the sale of bonds arising therefrom, and declaring an emergency."

It will appear from a comparison of the two titles that there is no language used in the one to the amendatory act which in any manner extends the title to the original act. The latter act is simply amendatory of the former one, and the subject matter embraced in the title is the same. Hence, the question presented for decision is as to whether or not a title which shows nothing more than that the act is to provide for the organization and government of irrigation districts and the sale of bonds arising therefrom is broad enough to warrant the enactment thereunder of a provision for the validating of the indebtedness of a district which might have been organized thereunder, and the levying of a tax to pay the same.

That the provision in the constitution in question

should be reasonably construed and legislation sustained which fairly comes within the subject matter embraced in the title has been frequently held by this court. See *Marston v. Humes*, 3 Wash. 267 (28 Pac. 520); *In re Rafferty*, 1 Wash. 382 (25 Pac. 465). And such we believe to be the tendency of the decisions of all of the courts. But it will not do to sustain legislation which is so foreign to the subject matter embraced in the title that one could read such title without having his attention in any manner directed toward the legislation attempted to be embraced thereunder. A title may be as broad as the legislature sees fit to make it, and thereunder any specific legislation, as to any subject relating to the general matter thus broadly embraced in the title, sustained. But when it sees fit to adopt a restricted title and thereunder attempts to enact provisions not fairly within such restricted title, such provisions cannot be given force by reason of the fact that it would have been competent for the legislature to have adopted a more generic title and thereunder properly included all of the provisions of the act.

The object of such constitutional provisions is twofold; first, to prevent log-rolling legislation; and second, to require such a title that one reading it would have his attention directed to every subject matter in the act. Having this latter object in view, was the title of the act in question sufficient to authorize the enactment thereunder of the provision which was the foundation of this tax levy? Would one reading the title of the act which simply provided for the organization of irrigation districts have his mind at all directed to the question of validating an indebtedness which such district had in the past sought to incur? It seems to us not. A provision for the incurring of

an indebtedness in the future might be reasonably expected to be found among the provisions for the organization of such districts; but the validation of past indebtedness, or the fact that such past indebtedness existed, would have no reasonable or natural connection with the organization of such districts.

The contention that this provision is so far outside of the subject matter of the title as to be void under the section of the constitution referred to must be sustained, and there being nothing left to sustain the attempted levy, the decree of the superior court enjoining its collection must be affirmed.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.