[No. 6014. Decided September 14, 1906.]

THE STATE OF WASHINGTON, *Appellant,* v. J. H. CLARK, *Respondent.*[1]

STATUTE—SUBJECT AND TITLES—CRIMES. The title to Laws 1890, page 128, "an act for the protection of builders," is unconstitutional as misleading where the subject of the act is the punishment of any person supplying labor or material for any purpose who collects the price upon falsely representing that it has been paid for.

SAME—TITLE—AMBIGUITY. An act entitled, "an act for the protection of builders" is too ambiguous and indefinite to serve any purpose, and is unconstitutional for failure to express the subject of the act.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 7, 1905, upon sustaining a demurrer to the information in a prosecution of a building contractor for the violation of "an act for the protection of builders." Affirmed.

*Kenneth Mackintosh* and *John F. Miller,* for appellant.

*Robert H. Lindsay* and *Carkeek & Childs,* for respondent.

RUDKIN, J.—The defendant was informed against for violating § 1 of the act of February 27, 1890, Laws of 1889-90, page 128. A demurrer to the information was sustained on the ground that the subject of the act is not expressed in its title, as required by § 19 of art. 2, of the state constitution. The prosecuting attorney elected to stand on the information, and from an order of dismissal the state has appealed.

The title of the act is objectionable for two reasons: First, because it is misleading, and second, because it is too ambiguous and too indefinite to subserve any purpose. The act in its entirety is as follows:

"An Act for the protection of builders and declaring an emergency.

1Reported in 86 Pac. 1067.

*Be it enacted by the Legislature of the State of Washington:*

"Section 1.  That any person, firm or corporation contracting with another to supply labor or material for any purpose whatever, who shall fraudulently represent that the labor or material supplied has been paid for, and shall, upon such fraudulent representation, collect the price thereof, shall be deemed guilty of a felony, and upon conviction thereof, shall be fined in any sum not exceeding one thousand dollars, or imprisoned in the penitentiary for any term not exceeding two years, or both.

"Sec. 2.  Whereas, there is immediate necessity for the relief of builders: therefore, an emergency is declared to exist, and that this act shall be in force after its passage and approval by the governor.  Approved February 27, 1890."

The act is entitled "An act for the protection of builders." But who is a "builder?"  Webster defines the word as "One who builds; one whose occupation is to build, as a contractor, shipwright, or a mason."  The court, in *Wortman v. Kleinschmidt,* 12 Mont. 316, 30 Pac. 280, defines the term "builder" as follows:

"Our statute gives a lien to, among other persons, a 'builder.'  A 'builder' is defined in the Century Dictionary as follows:  'One who builds, or whose occupation is that of building; specifically one who controls or directs the work of construction in any capacity.  In the practice of civil architecture, the builder comes between the architect who designs the work and the artisans who execute it.  (Eng. Encyl.)'  Webster's Dictionary is to the same effect.  The definition of the word 'builder' in Anderson's Dictionary of Law is "A person whose business it is to construct buildings, etc. . . . by contract.'  Taking the definitions both literary and legal, it is plain that, in reference to a building and the law of building, a 'builder' is practically in effect, a 'contractor.' "

See, also, *Savannah etc. R. Co. v. Callahan,* 49 Ga. 506; *Brown v. Cowan,* 110 Pa. St. 588, 1 Atl. 520; Am. & Eng. Ency. Law (2d ed.), p. 995; 1 Words and Phrases, p. 888.

If a contractor is a builder, according to both the literary and legal definitions of that term, the act in question provides for the punishment of the very person whom its title purports to protect. The manifest purpose of the legislature was to protect the owners of buildings from liens for labor and material after payment to the contractor, and yet, the owner of the building is in no proper sense the "builder," unless he is actually engaged in the work of construction, and in that case he needs no protection. In other words, the purpose of the act is to protect the owner against the independent contractor, and under any reasonable rule of construction, the contractor and not the owner is the builder in such cases.

But, if we concede that the term "builder" is broad enough, under a liberal rule of construction, to include the owner of the building, where the construction is in charge of an independent contractor, still, the title is too indefinite and too ambiguous to give any information whatever. An act for the protection of fish, or game, or property of any kind, conveys some meaning, because such things can only be protected from injury or destruction. Not so with an individual or class of individuals. They may be protected in innumerable ways, in their person, and in their civil, political, and property rights. Take the act before us for an illustration, and assume that the builders referred to in the title are the building owners. In what way are they to be protected? Is the lien law to be repealed, or made more stringent in their behalf? Are they to be exempted from some liability or burden imposed by existing laws, or are they to be given some remedy they do not now enjoy? We look to the title in vain for information. If this title is good, so is an act for the protection of farmers, and under such a title we might expect to find any of the numerous laws enacted in aid of or to protect the agricultural industries of the state, whether civil or criminal. The object of this constitutional provision has been so often discussed and explained by this and other courts that

further discussion would seem useless at this time. But, if the object is, as stated by Judge Cooley:

"*First,* to prevent 'hodgepodge' or 'log-rolling' legislation; *second,* to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and *third,* to freely apprise the people through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they so desire." [Cooley, Constitutional Limitations (7th ed.), 205]:

we think it can safely be said that this title does not satisfy these requirements. An act for the protection of builders, with perhaps the first emergency clause ever attached to a criminal statute in this state, does not convey notice to contractors that they are to be punished, or to the owners of buildings that they are to be protected, nor could any reasonable man expect to find such a provision under such a title.

We think the act is fatally defective for the reasons stated, and the judgment of the court below is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.