[No. 7341.　Decided June 15, 1908.]

THE STATE OF WASHINGTON, *on the Relation of M. L. Potter et al., Respondents,* v. KING COUNTY *et al., Appellants,* JOHN H. POWELL *et al., Interveners.*[1]

STATUTES — TITLES AND SUBJECTS — SUFFICIENCY — RETROACTIVE LAWS. The title to Laws 1907, p. 348, "an act relating to the power of counties of the first class to construct or aid in the construction of canals," is not broad enough to include the provisions of section 3, validating prior acts of counties in that behalf under a prior invalid law; the constitutional requirement that no bill shall embrace more than one subject and that expressed in the title applying especially to enactments of a retroactive character.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 7, 1907, in favor of the plaintiff and interveners upon sustaining demurrers to the answer, in an action brought by taxpayers of a county to enjoin the issuance of bonds in aid of public improvements. Affirmed.

*Kenneth Mackintosh* and *E. B. Herald,* for appellant King County *et al.*

*Roger S. Greene* and *H. A. P. Myers,* for appellant Lake Washington Canal Association, as illustrative of the extent to which the court will go in sustaining a statute against the constitutional objection urged, cited: *Clarke County v. Brazee,* 1 Wash. Ter. 199; *Van Houten v. Routhe,* 1 Wash. 306, 25 Pac. 728; *In re Rafferty,* 1 Wash. 382, 25 Pac. 465; *Yesler v. Seattle,* 1 Wash. 308, 25 Pac. 1014; *Baker v. Seattle,* 2 Wash. 576, 27 Pac. 462; *Bettman v. Cowley,* 19 Wash. 207, 53 Pac. 53, 40 L. R. A. 815; *Merritt v. Corey,* 22 Wash. 444, 61 Pac. 171; *Seymour v. Tacoma,* 6 Wash. 138, 32 Pac. 1077; *State ex rel. Seattle Elec. Co. v. Superior Court,* 28 Wash. 317, 86 Pac. 957, 92 Am. St. 831; *State v.*

[1]Reported in 96 Pac. 156.

*Sharpless*, 31 Wash. 191, 71 Pac. 737, 96 Am. St. 893; *State ex rel. Zenner v. Graham*, 34 Wash. 81, 74 Pac. 1058; *McKnight v. McDonald*, 34 Wash. 98, 74 Pac. 1060; *Seattle & Lake Washington Waterway Co. v. Seattle Dock Co.*, 35 Wash. 503, 77 Pac. 845; *Percival v. Cowychee & Wide Hollow Irr. Dist.*, 15 Wash. 480, 46 Pac. 1035; *Johnston v. Wood*, 19 Wash. 441, 53 Pac. 707; *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91; *State ex rel. Smith v. Board of Dental Examiners*, 31 Wash. 492, 72 Pac. 110; *Weed v. Goodwin*, 36 Wash. 31, 78 Pac. 36; *Marston v. Humes*, 3 Wash. 267, 28 Pac. 520; *Goudy v. Meath*, 38 Wash. 126, 80 Pac. 295; *State ex rel. Osborne, Tremper & Co. v. Nichols*, 38 Wash. 309, 80 Pac. 462.

As illustrative of the power of the legislature to enact retroactive provisions of a curative nature, closely analogous to the act in question, they cited: *Nolan County v. State*, 83 Tex. 182, 17 S. W. 823; *Steele County v. Erskine*, 98 Fed. 215; *Schneck v. Jeffersonville*, 152 Ind. 204, 52 N. E. 212; *Thompson v. Perrine*, 103 U. S. 806, 26 L. Ed. 612; *Anderson v. Township of Santa Anna*, 116 U. S. 356, 6 Sup. Ct. 413, 29 L. Ed. 633; *Baltimore etc. R. Co. v. Nesbit*, 10 How. 395, 13 L. Ed. 469; *Reeves v. Anderson*, 13 Wash. 17, 42 Pac. 625; *State ex rel. Traders' Nat. Bank v. Winter*, 15 Wash. 407, 46 Pac. 644; *Lewis County v. Gordon*, 20 Wash. 80, 54 Pac. 779; *Skagit County v. McLean*, 20 Wash. 92, 54 Pac. 781; *State ex rel. Latimer v. Henry*, 28 Wash. 38, 68 Pac. 368; *Pullman v. Hungate*, 8 Wash. 519, 36 Pac. 483; *State ex rel. Hemen v. Ballard*, 16 Wash. 418, 47 Pac. 970; *Abernethy v. Medical Lake*, 9 Wash. 112, 37 Pac. 306. Article 1, § 23, of the Constitution of Washington, prohibiting *ex post facto* laws, refers to criminal cases only. *Carpenter v. Commonwealth of Pennsylvania*, 17 How. 456, 15 L. Ed. 127; *League v. Texas*, 184 U. S. 156, 22 Sup. Ct. 475, 46 L. Ed. 478; *Bullard v. Smith*, 28 Mont. 387, 72 Pac. 761.

*Shepard & Flett, John H. Powell* and *E. F. Blaine*, for respondents, contended, *inter alia*, that generally legislation

is prospective unless the contrary clearly appears, and such an intent must be expressed in the title. *Lindsay v. United States Sav. & Loan Co.*, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; *Thomas v. Collins*, 58 Mich. 64, 24 N. W. 553; *Lockport v. Gaylor*, 61 Ill. 276; *Snell v. Chicago*, 133 Ill. 413, 24 N. E. 532, 8 L. R. A. 858; 26 Am. & Eng. Ency. Law (2d ed.), 591; *Percival v. Cowychee & Wide Hollow Irr. Dist.*, 15 Wash. 480, 46 Pac. 1035.

DUNBAR, J.—A detailed statement of this case can be found in 45 Wash. 519, 88 Pac. 935, where it was held that a county has no power to issue its negotiable bonds in aid of the acquisition by the United States of a completed ship canal in said county, payable to the contractor upon completion of the canal and its acceptance by the government. The case was brought by taxpayers seeking to enjoin the issuance of such bonds. A demurrer to the complaint was sustained by the lower court. Judgment of dismissal was entered. From such judgment appeal was taken, and the judgment was reversed. The respondent in that case then sought to have the necessary power conferred by express statutory provision, and the legislature of 1907 enacted the following (page 348, Laws of 1907):

"Section 1. That whenever the board of county commissioners of any county of the first class in this state shall deem it for the interest of the county to construct or to aid the United States in constructing a canal to connect any bodies of water within the county, such county is hereby authorized to construct such canal or to aid the United States in constructing the same and to incur indebtedness for such purpose to an amount not exceeding five hundred thousand ($500,000) dollars and to issue the negotiable bonds of the county therefor in the manner and form provided in sections 1846 to 1851, inclusive, of Ballinger's Annotated Codes and Statutes of Washington.

"Sec. 2. That such purpose is hereby declared to be a county purpose.

"Sec. 3.   That in all cases where within one year next prior to the passage of this act any county has undertaken or attempted, or is undertaking or attempting to construct or to aid the United States in constructing any such canal or within said time has been or is incurring or attempting to incur indebtedness or to issue its bonds in manner and form above mentioned, for any such purpose to an amount not exceeding five hundred thousand ($500,000.00) dollars, all such action by such county and all such indebtedness and bonds are hereby validated and confirmed and such county is authorized to proceed with the matter under the provisions of this act."

The title of the act was as follows: "An act relating to the power of counties of the first class to construct or aid in the construction of canals, and declaring an emergency." After the passage of the act aforesaid, the defendants, the appellants here, filed an answer in the lower court, setting up that statute by way of affirmative defense.   To this affirmative defense the plaintiffs and interveners demurred.   These demurrers were sustained, and electing to stand on their answers, judgment was entered against them, and from such judgment this appeal is prosecuted.

It is the contention of the respondents, (1) that the act of the legislature above quoted was ineffectual to cure the lack of statutory authority for the issuance of the bonds; (2) that the issuance of the bonds would be contrary to the constitution; (3) that they were not issued in conformity with the provisions of the statute.   Under the former ruling of this court above referred to, it is the established law of this case that the county commissioners have no authority to issue these bonds unless the act of 1907 has validated the previous action of the county commissioners and the election held under their direction.

The first contention of the respondents is that the provisions of § 3 of the act, being the portion of the act which attempts to validate the action of the county commissioners

and the people, are unconstitutional for the reason that such validating features of the act are not expressed in the title. In the discussion of this question the appellants in their opening brief cite many cases from this court illustrating the extent to which the court has gone in sustaining laws against this constitutional objection.  It is true that we have been loath, as courts generally are, to declare the enactments of the legislature void by reason of this or any other constitutional objection, and have uniformly held, that trivial errors in describing the title of the act amended would not vitiate the title of the amending act where it was obvious that there was no tendency to mislead; that the constitutional provision should be reasonably construed and legislation sustained which fairly comes within the subject-matter embraced in the title.

But while this is true, the constitutional provision, § 19, art. 2, which provides that no bill shall embrace more than one subject and that shall be expressed in the title, was incorporated in the constitution for a beneficial purpose, viz., for the protection and enlightenment of the members of the legislature and for notice to citizens at large of proposed legislation which they might desire by proper methods to encourage or defeat; and when laws are enacted or amended in substantial violation of this guaranty, the taint of at least suspicion of unfairness is upon them, and courts should not hesitate to declare them void.  Especially is this true when the enactment is of a retroactive character which is not ordinarily anticipated, for, as was said by the court in *Lindsay v. United States Sav. & Loan Co.*, 120 Ala. 156, 24 South. 171, 176, 42 L. R. A. 783: "The future, and not the past, is the ordinary, usual field and scope of legislation;" quoting one of Broom's Legal Maxims, that a legislative enactment ought to be prospective, not retroactive, in its operation.

"   .   .   .  retrospective laws, looking backward, are exceptions.   Wade, Retroactive Laws, § 1.  Because the future, not the past, is the usual field and scope of operation, comes the

general rule that, by construction, retroactive or retrospective operation will not be given a statute, unless its terms show clearly the legislative intention that it should have such operation. Cooley, Const. Lim. 455."

If that be true of the act itself, then for the same reason it must be equally true that the title of the act should direct the mind to the retrospective character of the enactment. But the citation of authorities is unnecessary in this case, for this court has decided the exact question in issue in *Percival v. Cowychee & Wide Hollow Irr. Dist.,* 15 Wash. 480, 46 Pac. 1035. The appellants in their reply brief undertake to distinguish this case, but we are satisfied from an examination of the case that it cannot be distinguished in any essential particular. There we decided that the title of the act, showing that its object is to provide for the organization and government of irrigation districts and the sale of bonds arising therefrom, is not broad enough to embrace a provision in the act for validating the indebtedness of a district previously organized and the levying of a tax to pay the same. The title of the act in question was: "An act to amend an act providing for the organization and government of irrigation districts and the sale of bonds arising therefrom, and declaring an emergency."

"Hence, the question presented for decision," said the court in that case, "is as to whether or not a title which shows nothing more than that the act is to provide for the organization and government of irrigation districts and the sale of bonds arising therefrom is broad enough to warrant the enactment thereunder of a provision for the validating of the indebtedness of a district which might have been organized thereunder, and the levying of a tax to pay the same;" and it was held that it was not. It was said by the court in the course of the argument:

"Would one reading the title of the act which simply provided for the organization of irrigation districts have his mind at all directed to the question of validating an indebtedness which such district had in the past sought to incur? It

seems to us not.   A provision for the incurring of an indebt-
edness in the future might be reasonably expected to be found
among the provisions for the organization of such districts;
but the validation of past indebtedness, or the fact that such
past indebtedness existed, would have no reasonable or natural
connection with the organization of such districts."

The same language might aptly be applied to the title of
the act in this case, an act relating to the power of counties
of the first class to construct or aid in the construction of
canals, and declaring an emergency.   The legislation which
would naturally be expected under a title of this kind is found
in § 1 of the act, but as was said by the court in the above
quoted case, one reading the title of the act, which simply
related to the powers of counties to construct or aid in the
construction of canals, would not have his mind at all di-
rected to the question of validating the previous actions of
the county commissioners.

The conclusion we have reached on this subject renders an
expression of opinion unnecessary on the other questions
raised in the briefs.   But for the reasons above expressed, the
judgment is affirmed.

MOUNT, CROW, and RUDKIN, JJ., concur.

HADLEY, C. J. and FULLERTON, J., took no part.