[No. 19996.   *En Banc.*   February 4, 1927.]

THE STATE OF WASHINGTON *on the Relation of State Savings & Loan Association, Plaintiff,* v. THE SUPERIOR COURT FOR YAKIMA COUNTY *et al., Respondents.*[1]

[1] CORPORATIONS (195)—ACTIONS—VENUE—TRANSACTION OF BUSINESS. A savings and loan association of P. county is not transacting business in Y. county, and is not therefore, subject to suit in the latter county, where it appears that it was there merely foreclosing mortgages executed in P. county and caring for and preserving the fruits of such actions.

Application filed in the supreme court April 28, 1926, for a writ of prohibition to prevent the superior court for Yakima county, Hawkins, J., from further proceeding in a cause. Granted.

*A. O. Burmeister* and *Shumate & Cheney,* for relator.

*Snively & Bounds* and *Hugo F. Luhman,* for respondents.

MITCHELL, J.—This is an application in this court for a writ of prohibition against the superior court of

[1]Reported in 252 Pac. 923.

Yakima county.   One Rosenkranz commenced an action in that court against the Yakima Valley Bank. After answer the bank procured an order in February, 1926, upon its *ex parte* application, for leave to file an amended answer together with a cross-complaint involving the State Savings & Loan Association, a corporation, of Tacoma.   The order purported to make the State Savings & Loan Association a party and directed that it be brought in as such.   Summons together with amended answer and cross-complaint, were served on the State Savings & Loan Association at its place of business in Tacoma.   It appeared specially in the cause and objected to jurisdiction over it by that court for the reason that it was a corporation, with its principal place of business at Tacoma, that it did not at that time transact any business in Yakima county, that it did not transact any business in that county at the time the alleged cause of action arose nor at any intervening time, that it did not at any such time have an office in Yakima county for the transaction of business, nor any person residing in that county upon whom process could be served against it.   The objections to the jurisdiction were overruled.

To an alternative writ issued out of this court on the petition of the State Savings & Loan Association, the respondent, superior court of Yakima county, by the Honorable A. W. Hawkins, judge, has made return.   The statute relied on by the relator, Rem. Comp. Stat., § 206 [P. C. § 8543], provides:

"An action against a corporation may be brought in any county where the corporation transacts business or transacted business at the time the cause of action arose; or in any county where the corporation has an office for the transaction of business or any person resides upon whom process may be served against such corporation, unless otherwise provided in this code."

We have uniformly held that this statute related to jurisdiction and not to venue. *State ex rel. Seattle National Bank v. Joiner*, 138 Wash. 212, 244 Pac. 551. The objections to jurisdiction were heard by the respondent upon affidavits, together with an examination by him of certain indices and records of legal instruments in the office of the auditor and county clerk of Yakima county, in which latter respect the record before us shows by the return the indices only of those instruments. Upon the record in this case, we may, without any discussion, eliminate from further consideration all those things mentioned in the statute conferring jurisdiction against a corporation other than that of "where the corporation transacts business or transacted business at the time the cause of action arose."

[1] The principal place of business of the relator is and has been in Tacoma. It is engaged in the business of loaning money on real estate. The alleged cause of action against it arose in April, 1923, when, and at all times since, it has not had any one resident in Yakima county attending to any of its business. In the hearing in the superior court, only one affidavit was used on behalf of the Yakima Valley Bank. It referred to a number of suits then pending in that court in each of which this relator was plaintiff. In response, affidavits on behalf of the relator were filed showing that each case was a suit on a note and for the foreclosure of a mortgage on real estate in that county the note and mortgage being dated and payable at Tacoma, Washington, all of which contracts, but one, having been made prior to 1923. The bank's affidavit alleged that, in January, 1926, the relator filed, in the office of the auditor of Yakima county, a certificate setting forth a change of its corporate name. In answer, it was shown by several affidavits that the

certificate was filed for the purpose of "clearing title" which had been obtained to property in that county by the relator in 1920 or 1921 in a suit by it against one Bacon. The bank's affidavit speaks of a deed filed in the auditor's office of Yakima county on April 30, 1925, wherein Emma E. Swartz as grantor conveyed certain real property in that county to this relator. Answering affidavits show that the deed was given in satisfaction of a debt and it was alleged that that transaction, like all others referred to in the affidavits, was handled entirely from the city of Tacoma, where all the offices and agents of the relator are located. Under Rem. Comp. Stat., § 3726 [P. C. § 4575], any savings and loan association

". . . may purchase at any sale, public or private, any real estate upon which it may have a mortgage, judgment, lien or other incumbrance or in which it may have any interest, and may sell, convey, lease or mortgage the same at pleasure to any other person," etc.

We have held that the prosecution of an action does not constitute doing business within the meaning of the statute, and that the care and preservation of property, the fruits of such action, come under the same rule. *State ex rel. American Savings Bank & Trust Co. v. Superior Court,* 116 Wash. 122, 198 Pac. 744. Under the statute just cited, this kind of a corporation has not only the right to purchase real property upon which it has a mortgage, judgment or lien, but it has the included and statutory right to sell the same. It was stated in the case just referred to that, after the bank had purchased that property at its foreclosure sale and was engaged in cultivating and improving the land, "it must be assumed here that relator was, in its relation to this property, pursuing only its statutory right to collect its debt". Just so in the present case where, upon the showing that all

the transactions involved in collecting debts due the relator were handled at or from Tacoma, the place of business of the relator and location of all its offices and agents, we must assume that it was not doing business in Yakima county. It has no agent in Yakima county to sell its lands, but it sells them from Tacoma, while as to the recording of instruments running to it in the auditor's office of that county, that is an incidental matter only, not shown to have been done by any resident officer, or agent, nor transacting business within the meaning of the statute.

We conclude that the objections to the jurisdiction of the superior court of Yakima county should have prevailed. A permanent writ will issue.

MACKINTOSH, C. J., MAIN, PARKER, FULLERTON, BRIDGES, ASKREN, and FRENCH, JJ., concur.