[No. 22146. *En Banc.* August 8, 1930.]

THE NATIONAL ASSOCIATION OF CREDITORS, INCORPORATED, *Appellant,* v. P. L. PENDLETON, *Respondent.*[1]

[1]Reported in 290 Pac. 987.

138

*O. S. Galbreath,* for appellant.

*W. G. Palmer* and *P. L. Pendleton,* for respondent.

*F. L. Morgan, amicus curiae.*

MAIN, J.—This is an appeal from the judgment of the superior court dismissing an action and assessing an attorney's fee of $25 against the plaintiff in an action which had been appealed to the superior court from a like judgment entered by a justice of the peace. The National Association of Creditors, the appellant, brought an action upon an assigned claim against P. L. Pendleton in Ruston precinct, in Pierce county, a precinct in which Mr. Pendleton did not reside, he, in fact, residing in Tacoma precinct. The defendant in the action in the justice court appeared specially and moved to dismiss the action. This motion was sustained, and a judgment was entered dismissing the action and charging $25 against the plaintiff therein as an attorney's fee to the defendant. From this judgment, the plaintiff appealed to the superior court, with the result above indicated.

In 1929, the legislature of this state passed this law:

"AN ACT relating to justice courts, fixing the venue of civil actions therein and the jurisdiction of justices of the peace in relation thereto, prescribing duties of justices of the peace, and repealing certain acts relating thereto.

*"Be it enacted by the Legislature of the State of Washington:*

"Section 1. All civil actions commenced in a justice court against a defendant, or defendants, residing in a city or town of more than one thousand inhabitants shall be brought in a justice court in the city or town in which one or more of the defendants reside. In all other cases the action shall be commenced in the precinct in which one or more of the defendants reside, or in the nearest incorporated city or town, or before a justice of the peace of the county seat of the county.

"Sec. 2. Should any civil action be filed or commenced in any justice court other than as provided in the preceding section, no jurisdiction over the defendant shall be acquired thereby, and no judgment shall be entered therein against such defendant; and if, the action having been commenced before a justice court not having jurisdiction over the defendant, the defendant appears either specially or generally and objects to the jurisdiction of the court, the justice of the peace shall dismiss the action and enter judgment against the plaintiff in favor of the defendant for an attorney's fee of twenty-five dollars; and any such dismissal shall be a bar to any future action on the same cause of action until such attorney's fee shall have been paid." Laws of 1929, ch. 75, p. 127.

It will be observed that the first sentence in § 1 of the act requires that all civil actions commenced in a justice court in a city or town of more than one thousand inhabitants shall be brought in a justice court in such city or town in which one or more of the defendants reside. By section 2, if a civil action is not brought in the proper precinct, then the action shall be dismissed and the justice of the peace shall enter judgment against the plaintiff and in favor of the defendant for an attorney's fee of $25.

■ The first question is whether the act, a part of which is above quoted, embraces more than one subject. The argument is that venue and jurisdiction in

the justice court are matters which are separate and distinct from each other and cannot be embraced in the same title. The title of the act recites that it relates to justice courts, fixes the venue of civil actions therein, and the jurisdictions of justices of the peace in relation thereto. The general subject is "justice courts;" "venue" and "jurisdiction" are subordinate subjects under this general subject.

In *National Association of Creditors v. Brown*, 147 Wash. 1, 264 Pac. 1005, the case of *Percival v. Cowychee etc. Irr. District,* 15 Wash. 480, 46 Pac. 1035, is quoted with approval, wherein it is said:

"A title may be as broad as the legislature sees fit to make it, and thereunder any specific legislation, as to any subject relating to the general matter thus broadly embraced in the title, sustained. But when it sees fit to adopt a restricted title and thereunder attempts to enact provisions not fairly within such restricted title, such provisions cannot be given force by reason of the fact that it would have been competent for the legislature to have adopted a more generic title and thereunder properly included all of the provisions of the act."

In the case now before us, as stated, the generic title was used. In the case of *National Association of Creditors v. Brown,* 147 Wash. 1, 264 Pac. 1005, where it was held that the title of the act was not sufficient, such title was, "An Act relating to venue of civil actions in justice court." It was there held that jurisdiction of such courts was not embodied in the title. In that act, the legislature chose to use a restricted title, and not, as in the present case, the broader title of justice courts, which would include, as indicated, both jurisdiction and venue. The act does not offend against § 19, of art. II, of the constitution of this state, which provides that no bill shall embrace more than one subject and that shall be expressed in the title.

The next question is whether the provision in the act authorizing an attorney's fee charged against the plaintiff when the action is brought in a precinct in which the defendant does not reside renders it unconstitutional. In this connection, the three principal constitutional provisions which are involved are those guaranteeing equal protection of the laws, due process of law, and forbidding the granting of special privileges and immunities. The act is not unconstitutional if the attorney's fee provided for was intended as a penalty for failure to perform a duty required by the act.

In a note appended to the case of *Union Terminal Company v. Turner Construction Company,* 11 A. L. R. 880, at page 885, it is said:

"The courts with very few exceptions have upheld statutes allowing attorneys' fees as a penalty, or part of a penalty, for violating a statute passed under the police power. If the allowance of the fee is regarded merely as a penalty for violation of the statute, there seems to be little ground for questioning the soundness of the decisions."

The law, as stated by the note writer, is supported by decisions from the Federal supreme court and the courts of last resort of a considerable number, of the states. There seems to be no question but that the authorities support the rule there stated.

We must then look to the act in question to see whether the attorney's fee was imposed for a failure to perform a duty required by the legislature. Section 1 of the act makes it the duty of the plaintiff in a civil action to bring such action in a city or town of more than one thousand inhabitants in a justice court in which one or more of the defendants reside. Section 2 provides that, for failure to perform that duty, the action shall be dismissed and judgment shall be entered

against the plaintiff in favor of the defendant for an attorney's fee of $25. While the act does not use the word "penalty," it is obvious that the legislature had no other object in inserting the attorney's fee provisions. Under the rule above stated, the act is not unconstitutional because it provides a penalty of $25 in the form of an attorney's fee when the action is not brought in a precinct in which § 1 of the act says that it should be.

The case of *Jolliffe v. Brown*, 14 Wash. 155, 44 Pac. 149, is not out of harmony with this view. In that case, it was held that an act, providing for an attorney's fee to the plaintiff in a case of recovery against a railroad company for the killing of stock, was unconstitutional because it was not in the nature of a penalty for failure to perform a statutory duty. It was there said:

"Legislation requiring railroad companies to pay an attorney's fee in case of litigating such claims unsuccessfully, where none was imposed upon the plaintiff if unsuccessful, has been sustained in some instances, and generally upon the ground that it was in the nature of a penalty for failure to perform a duty imposed by statute. See *Ill. Cent. R. Co. v. Crider,* 91 Tenn. 489 (19 S. W. 618); *Gulf, etc., Ry. Co. v. Ellis,* 18 S. W. (Tex. Sup.) 723; *Jacksonville, etc., Ry. Co. v. Prior,* 34 Fla. 271, 15 South. 760.

"It cannot be sustained here as a penalty, for as has been said, there was no duty to fence imposed by statute, and the provision requiring the notice to be given cannot be sustained in the unlimited manner in which the power was sought to be exercised as expressed in the section. There is a broad distinction to be recognized between legislation requiring a party to pay actual damages occasioned, and that which would impose a penalty in addition thereto. Such legislation can be sustained only where the party on whom the penalty is imposed is in fault or guilty of a wrong. Considered as an attorney's fee purely and simply, it distinguishes between classes of persons and not as to

subjects of litigation or classes of controversies, and by the weight of authority has been held to be unconstitutional.'' (Citing authorities.)

The distinction between that case and the one now before us is that there the attorney's fee was not imposed as a penalty for failure to perform a statutory duty, while here it is imposed for such purpose.

The two questions above considered are the principal ones involved in this appeal, as we view the matter. There are, however, some further contentions which may be noticed briefly. Our attention is called to § 37, of article II, of the constitution, which provides that no act shall be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth in full. The act in question does not purport to revise or amend an act by reference to its title, but is a separate and independent act upon the subject matter therein embodied. The fact, if it be a fact, that this act is in conflict in some of its provisions with previous acts of the legislature, does not bring it within any constitutional inhibition.

There is much argument in the briefs with reference to the second sentence in § 1, but that portion of the act is not involved upon this appeal, and we express no opinion thereon.

Both parties appear to rely upon the case of *Nichols v. National Association of Creditors,* 137 Wash. 74, 241 Pac. 960, but that case simply construes the statutes as they existed at the time the decision was rendered, and no constitutional questions were involved or discussed in the opinion.

The judgment will be affirmed.

All concur.