[No. 22893. Department Two. February 2, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK ROBLIN, *Appellant*.[1]

[1]Reported in 295 Pac. 745.

530

*O. M. Nelson,* for appellant.

*Austin M. Wade* and *Thomas S. Grant,* for respondent.

BEALS, J.—Frank Roblin and another were charged with the crime of transporting intoxicating liquor with intent to sell the same. The jury returned a verdict of guilty as to defendant Roblin, and acquitted the other defendant. From the judgment and sentence entered against him upon the verdict of the jury, Mr. Roblin appeals.

At the time of the arrest, appellant was driving a Ford car out of a public garage in the city of Aberdeen, the car being stopped and appellant arrested as the machine was about half way through the garage

door. It is not disputed that, a few moments before the arrest, appellant had driven the Ford into the garage. Witnesses for the state testified that, at the time of the arrest, a gallon jug of moonshine was found in the Ford, it being appellant's theory that this jug was planted in the car by one of the arresting party.

Appellant assigns error upon the refusal of the trial court to give two instructions which were requested by appellant, upon the giving of three instructions, upon the overruling of appellant's demurrer to the information, and upon the denial of his motion for a new trial.

The first instruction requested by appellant contains the following:

"You are instructed that under the laws of this state it is not a crime to transport intoxicating liquor for your own use under the statute under which these defendants are charged."

No error was committed by the trial court in refusing to give the instruction containing the foregoing sentence. Appellant and his co-defendant testified that the liquor was not theirs, and was placed in the car by one of the arresting party, who stopped the machine as it started to leave the garage. No issue was presented which would raise the question of whether or not it is lawful for a man to transport his own liquor for his own use. The portion of the requested instruction quoted is incorrect in any event, as it cannot be that a person may in this state lawfully transport that which he cannot lawfully own or possess. *State v. Giaudrone*, 109 Wash. 397, 186 Pac. 870.

Appellant's second requested instruction was to the effect that, if the jury believed from the evidence that the reputation for truth and veracity of any witness was bad, the jury had a right to disregard the

whole of such witness' testimony, except in so far as the same was corroborated by other credible evidence, or by facts and circumstances proved on the trial. Appellant contends that this instruction should have been given, because several of his witnesses testified that the reputation for truth and veracity of one of the state's witnesses was bad. The court instructed the jury that they were the exclusive judges of the facts, and of the credibility of each and every witness who testified.

The requested instruction did not state the general rule that, if the jury believes that a witness has testified falsely as to some material issue, they may disregard the entire testimony of such witness, unless the same is corroborated, but refers particularly to the testimony introduced by appellant, to the effect that the reputation for truth and veracity of one of the state's witnesses was bad, and informed the jury that, if they believed that the reputation of this witness for truth and veracity was bad, they could disregard the entire testimony of such witness, except in so far as the same was corroborated. The requested instruction, apparently, singled out one particular portion of the testimony of one of the state's witnesses, and the testimony on the part of two of appellant's witnesses, to the effect that the reputation for truth and veracity of this witness was bad. Such reputation testimony may be considered by the jury, in connection with all the other evidence in the case, but appellant cites no authority to the effect that such testimony entitles a party to such an instruction as he requested.

The witness whose reputation for truth and veracity was attacked by appellant, was the man who jumped on the running board of the Ford and stopped the same, appellant contending that the witness, at this time, placed the jug of moonshine in the car. This

was the pivotal point in appellant's defense, other witnesses for the prosecution testifying that this witness did not have with him a jug of moonshine, and did not place any such jug in the car driven by appellant. Appellant had the benefit of the testimony introduced on his behalf, to the effect that the reputation of this witness for truth and veracity was bad. The jury were told that they were the sole judges of the facts and the credibility of each witness.

The court did not err in refusing instruction No. 2, requested by appellant. Possibly, a different question would be presented had appellant requested a general instruction to the effect that, if the jury believed that any witness had testified falsely as to a material matter, they were at liberty to disregard the entire testimony of such witness, save in so far as the same was corroborated by other credible evidence in the case.

By instruction No. 6, the court informed the jury as to the elements of the offense charged, including an instruction to the effect that, before they could find appellant guilty, they must find that the intoxicating liquor which he was transporting was being so transported for the purpose and intent of sale. Appellant contends that this portion of the instruction was erroneous, as not following the statute, which provides that the transportation must be "with intent to sell." Appellant contends that the jury should have been instructed that, before appellant could be found guilty as charged, the jury must find him guilty of the transportation of liquor "with intent to sell, barter or exchange the same." The statute under which appellant was convicted reads, in part, as follows:

"Every person convicted . . . of the keeping or transporting of any such liquor with intent to sell, barter or exchange the same shall be punished by fine . . . " Laws of 1921, chap. 122, p. 398; Rem. Comp. Stat., § 7338.

534

In support of his contention that this instruction was erroneous, appellant cites the opinion of this court in the case of *State v. Knight,* 155 Wash. 260, 284 Pac. 85. In that case, the question of the presumption which, under the law, follows from the proved possession of intoxicating liquor, was in question.

If the instruction which we are now considering was, in any particular, erroneous, it erred in favor of the accused, as it possibly held the state to a higher degree of proof than, under the law, was necessary. We cannot see how appellant was prejudiced by an instruction to the effect that, before the jury could find him guilty as charged, the state must prove beyond a reasonable doubt that appellant was transporting intoxicating liquor for the purpose and intent of sale, rather than an instruction to the effect that, before appellant could be found guilty, the state must prove beyond a reasonable doubt that he was transporting liquor for the purpose of sale, barter or exchange.

Appellant also argues that transportation with intent to sell differs from transportation for the purpose of sale, as the former could apply only to the person actually transporting the liquor, while, under an instruction containing the latter clause, it would be immaterial whether the transporter or another was to sell the liquor. Appellant denied ownership of the liquor, or that he was transporting the same, or that it was in the car when he started. We are unable to follow appellant's reasoning, and conclude that, under the admitted facts, appellant's assignment of error upon the giving of the instruction above referred to, is not well taken.

Appellant next contends that the court erred in giving instruction No. 8, in which the court defined transportation, as that element of the offense charged should be considered by the jury. Under the undis-

puted testimony in this case, the instruction complained of was free from error. Appellant was driving the Ford out of the garage, and the car, when stopped, was at least part way through the garage door. Under the admitted facts, a finding that appellant was guilty of transportation of the liquor was justified, and the instruction complained of was not erroneous.

Appellant next complains of instruction No. 11, in which the presumption which, under the law, follows from the possession of intoxicating liquor, was explained to the jury. Appellant argues that the recent opinion of this court in the case of *State v. Rouw,* 156 Wash. 198, 286 Pac. 81, is erroneous and should be overruled, and that the rule laid down in the prior case of *State v. Matson,* 127 Wash. 513, 221 Pac. 311, should be followed. The case of *State v. Rouw, supra,* was correctly decided, and we see no reason for overruling or modifying the same.

Finally, appellant argues that the act under which appellant was convicted (ch. 122, Laws of 1921, p. 398; Rem. Comp. Stat., § 7338), is void, appellant contending that the same embraces two subjects, one of which, the conferring of jurisdiction upon justices of the peace, is not mentioned in the title, in violation of § 19, article II, of the constitution of the state, which reads as follows:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

In support of this contention, appellant cites the case of *National Association of Creditors v. Brown,* 147 Wash. 1, 264 Pac. 1005, in which it was held that chapter 264, Laws of 1927, p. 614 (Rem. 1927 Sup., § 1756-1), violated the foregoing provision of the constitution, and was, therefore, void. In the case last cited, it was pointed out that a general title may be

sustained as good, whereas a title which attempts to state with particularity the matters contained in the act, may be defective, citing *Northern Cedar Co. v. French,* 131 Wash. 394, 230 Pac. 837. The title of the act in question (chap. 122, Laws of 1921, p. 398) reads as follows:

"An Act relating to intoxicating liquors, and amending sections 3193, 3194, Pierce's Code."

The title of chapter 19, Laws of 1917, p. 46, (§§ 3193-94 Pierce's Code), reads as follows:

"An Act relating to intoxicating liquors and the importation, receipt, purchase, transportation, manufacture, possession, use, sale and disposition thereof, prescribing the powers and duties of certain officers in relation thereto, establishing rules of evidence in certain cases, amending sections 7, 8, 17, 23, 31 and 32, and repealing sections 15, 16, 18, 19, 20, 21, 22 and 29 of initiative measure No. 3, enacted by the people November 3, 1914, and further amending said act by adding thereto new sections to be known as sections 17a, 17b, 17c, 17d, 17e, 17f, 17g and 17h, and providing penalties for violations thereof."

Initiative measure No. 3 (Laws of 1915, p. 2) the basic law of this state against the possession, etc., of intoxicating liquor, was amended, as to § 31 thereof, by the act of 1917 above referred to. By § 31, penalties were provided for, some of which were clearly within the jurisdiction of justices of the peace. Chapter 19, Laws 1917, p. 46 (Rem. Comp. Stat., § 7312) above referred to, defined the powers and duties of officers, and undertook to increase the jurisdiction of justices of the peace. Chapter 122, Laws of 1921, p. 398 (Rem. Comp. Stat., § 7338) under which appellant was convicted, the title to which is above set forth, increased the jurisdiction of justices of the peace, but, the title thereto being general, we hold that the rule laid down in the case of *National Association of Cred-*

*itors v. Brown, supra,* does not apply, and that the act is valid. *Northern Cedar Co. v. French,* 131 Wash. 394, 230 Pac. 837, and cases therein cited.

In this connection, we have considered appellant's contention that the act of 1917, *supra,* is unconstitutional, because in violation of § 37, article II, of the state constitution, which reads as follows:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

Under the decision of this court in the case of *Behrens v. Commercial Waterway District No. 1,* 107 Wash. 155, 181 Pac. 892, 185 Pac. 628, in which the title to chapter 152, Laws of 1917, was held valid, this contention of appellant is not well founded.

Appellant cites the case of *State ex rel. Arnold v. Mitchell,* 55 Wash. 513, 104 Pac. 791, in which it was held that an attempted amendment of the registration law was void (as violating § 19, art. II, of the constitution), because there was no suggestion in the title of any amendment to the pre-existing registration law, or that § 12 of the primary law was to be amended. The case cited is not controlling upon the questions here presented, as the title to the act which was then being considered, while enumerating certain designated sections of the prior act as amended, failed to designate one section, which it was, therefore, necessarily held was not amended by the act.

By chapter 10, Laws of 1921, p. 75 (§§ 152-7 and 152-8, Rem. Comp. Stat.), the compilation known as "Pierce's Washington Code" was adopted as an official compilation of existing statutes, and reference thereto by the legislature, in amending or repealing existing laws, was authorized. This answers appellant's contention that the reference to "Pierce's

Code" in the title to chapter 122, Laws 1921, p. 398, was irregular.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., FULLERTON, MILLARD, and BEELER, JJ., concur.