[No. 1408.]

JAMES NESBITT AND GEORGE NESBITT, PARTNERS, ETC., UNDER FIRM NAME OF J. NESBITT & BRO., PLAINTIFFS AND APPELLANTS, *v.* THE PIOCHE CONSOLIDATED MINING AND REDUCTION COMPANY, DEFENDANT AND RESPONDENT.

In an action for goods sold and delivered, where the defense is that the goods were sold to a third party, and that the defendant's oral promise to pay for them is within the statute of frauds: *Held*, that the action can only be maintained on the theory that the goods were sold directly to the defendant, but where there is some evidence tending to establish that theory, although there is also evidence tending to contradict it, a non-suit is improper.

APPEAL from order excluding testimony and sustaining motion for non-suit, from District Court, Lincoln county; *A. E. Cheney*, District Judge, presiding:

In addition to the facts stated in the opinion, there was evidence tending to prove that, when the plaintiffs refused to trust Denton further, the defendant's superintendent requested them to continue to do so, stating that he, as superintendent of the defendant would see every dollar paid; that as the pay days would be far apart, he would give them special checks without waiting for pay day, and that defendant had accordingly paid several thousand dollars thereon; that although after this agreement they continued to charge the goods to Denton, it was done only at the superintendent's request, to prevent confusion of the accounts. On the other hand, some of the plaintiffs' evidence tended to prove that the superintendent's promise was only to become security for the goods. The action was tried by the court without a jury.

*George S. Sawyer* and *Henry Rives*, for Appellants:

All the circumstances and conversations which led up to and culminated in the promise of defendant to pay for the goods and other things advanced by plaintiffs (appellants), the value of which is sought to be recovered in this action, are parts of the *res gestæ*. (1 Greenleaf's Ev., sec. 108 and notes.)

The court, therefore, erred in excluding the testimony of James Nesbitt as to what he told the men who obtained the supplies. The testimony introduced by plaintiffs shows con-

clusively that none of the goods or other things, the value of which is sued for in this action, would have been delivered by plaintiffs, except upon the promise of defendant to pay for them or " see that they were paid for."

This was an *original* and not a *collateral* promise and not within the statute of frauds. It is also shown by the testimony that the goods and other things, for the value of which this action was brought, were advanced for and used by the defendant for its special benefit, which also takes the case out of the statute of frauds. (*Mackey* v. *Smith*, 28 Pac. Rep. 974, and cases cited.)

In reviewing a judgment on a non-suit the appellate court will consider as proved every fact which the testimony on the part of plaintiff *tends* to prove; and in this case it cannot be contended that the testimony does not, at least, tend to prove that the promise of defendant was an *original* and not a collateral promise. (*Patchen* v. *Keeley*, 19 Nev. 404, and cases cited.)

*Thomas J. Osborne* and *J. H. Macmillan,* for Respondent:

Section 2630 of our General Statutes provides that every special promise to answer for the debt of another shall be void unless the agreement or some note or memorandum thereof expressing the consideration be in writing and subscribed by the party charged therewith. The broadest possible construction placed upon plaintiffs' testimony shows only that Mr. Godbe, as agent of the defendant corporation, promised only to " secure " the debt of Denton, a coal contractor, with the company defendant. There was no agreement in writing, hence the lower court committed no error in excluding from the testimony of James Nesbitt any statements he may have made to the men. The promise was entirely a collateral one, not in any sense an original undertaking, and so should have been in writing. While the goods supplied were used indirectly for the benefit of defendant (respondent), yet they were not absolutely necessary for the prosecution of its business, and a careful examination will disclose material differences between the facts in this case and those involved in *Mackey* v. *Smith*, 28 Pac. Rep. 974, which is relied on by appellants.

By the Court, Belknap, J.:

Plaintiffs, as co-partners, sued the defendant to recover judgment in the sum of $4,928 53 for goods, wares, and merchandise sold and delivered, and for the hire of teams furnished. The answer denied the indebtedness. The case was tried by the court without a jury.

The facts, as disclosed by the testimony on the part of the plaintiffs, were that one Denton had contracted with defendant to furnish coal to be used at its furnaces. Plaintiffs, as merchants, had furnished Denton supplies for a time. Later they declined to extend his credit. The superintendent of defendant then met with plaintiffs, and such agreement was reached, it is claimed, as to make defendant liable, in connection with the other facts, for the account subsequent to January 3, 1891. If the defendant is liable, it is upon facts constituting an original promise, and not by any written promise made to the plaintiffs. Evidence was adduced tending to prove that the superintendent had promised to pay for the goods; that, if the pay days should be too far apart, he would give a special draft; and that the company had paid upwards of $4,000 on the account.

Upon the close of plaintiffs' case, defendant moved for a non-suit upon the ground that the promise made was within the statute of frauds, and should have been in writing. The court granted the motion. For the purposes of the motion the evidence should be taken as true. Considering it as true, there is in the above statement evidence tending to support plaintiffs' contention. They may ultimately fail to recover upon the merits of the whole case, but we cannot say, as matter of law, that there is no evidence tending to to support their case.

Judgment reversed, and cause remanded.