[No. 19426. Department Two. December 18, 1925.]

J. W. A. NICHOLS, *Respondent*, v. NATIONAL ASSOCIATION OF CREDITORS, INCORPORATED, *Appellant.*[1]

[1] JUSTICE OF THE PEACE (8)—CIVIL JURISDICTION—TERRITORIAL EXTENT. Under Rem. Comp. Stat., § 48, providing that a justice of the peace may issue process to any place in his county, a justice acquires jurisdiction of the person by service upon one who was resident in an adjacent municipality in the same county.

[2] SAME (8, 12)—CIVIL JURISDICTION—TERRITORIAL EXTENT—CHANGE OF VENUE. A justice of the peace acquires jurisdiction of an action against a defendant who resides in another municipality of over three thousand inhabitants, in the absence of any motion for a change of venue, notwithstanding Rem. Comp. Stat., § 1756, requiring the action to be brought in a justice court of his home city; in view of Id., § 1757, providing that a justice's jurisdiction is co-extensive with the limits of the county, and §§ 1774 and 1775, providing for a change of venue on the ground of prejudice or for the same causes allowed in the superior court.

[1]Reported in 241 Pac. 960.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 19, 1925, dismissing an action for injunctive relief, upon sustaining a demurrer to the complaint. Reversed.

*O. S. Galbreath* and *H. B. Gardner,* for appellant.

*Browder Brown,* for respondent.

MAIN, J.—The plaintiff brought this action to restrain the defendant from in any manner enforcing a judgment against him in the justice court. To the complaint, a demurrer was interposed and overruled. The defendant refused to plead further and elected to stand on its demurrer. A judgment was entered as prayed for in the complaint, from which the defendant appeals.

The facts as they appear in the complaint may be summarized as follows: The respondent resides in the city of Tacoma. On the third day of October, 1924, an action was brought against him before a justice of the peace in Ruston precinct, which is adjacent to Tacoma. Process was regularly served, but no appearance was made in that action and judgment was entered by default against the defendant there, the respondent here, in the sum of $84.56 and costs. After the judgment was entered, the present action was brought, as above stated, for the purpose of preventing its enforcement.

[1] The question is whether the justice of the peace in the town of Ruston had jurisdiction. If he had jurisdiction, the judgment was a valid one and cannot be interfered with. If that court had no jurisdiction, then the present action was properly maintainable for the purpose of preventing the enforcement of the judgment rendered therein. Section 48, Rem. Comp. Stat., among other things, provides that every justice

of the peace "may issue process to any place in his county." From that section, it may be concluded that the justice of the peace in Ruston had jurisdiction of the person of the defendant by service of process, even though he resided in an adjacent municipality in the same county.

[2] The question then arises whether the justice in Ruston had jurisdiction of the subject-matter. The action in the justice court was one of debt. Section 1756, Rem. Comp. Stat., provides that all civil actions commenced in a justice court against a defendant residing in a city of more than three thousand inhabitants shall be brought in the justice court of the precinct "in said city or town in which one or more of the defendants reside." Section 1757 provides that the jurisdiction of justices of the peace in all civil actions, except as provided in the preceding section, shall be co-extensive with the limits of the county in which they are elected or appointed. Section 1774 provides for a change of venue from a justice of the peace when the defendant, his attorney or agent, shall make and file an affidavit of prejudice. Section 1775 provides that, in a justice court, change of venue may be allowed "for the same causes for which they are allowed in the superior court."

When an action is brought in the superior court in the wrong county against an individual, it may be tried therein unless the defendant demands that the trial be had in the proper county. In the present case, as already stated, there was no objection to the justice hearing the cause and no demand that it be transferred to the precinct in which the defendant in that action resided. We think it cannot be successfully argued where an action is brought in the justice court against a defendant who resides in a city of more than three thousand inhabitants in an adjacent precinct,

that no jurisdiction can be acquired. If the action were brought in a city of more than three thousand inhabitants, and there was but one justice of the peace therein, and a transfer was demanded on the ground of prejudice, it is clearly contemplated by the statute that the action may be transferred to the next nearest justice of the peace in the same county. Under those circumstances, jurisdiction would be obtained to try an action in the justice court in a precinct outside the jurisdiction of the justice in a city of more than three thousand inhabitants.

In the superior court, as stated, if a change of venue is not demanded when the action is brought in the wrong county, the court has jurisdiction to proceed, in the absence of a demand that the trial be had in the proper county. It would seem that the same rule should be applied to the procedure in the court of the justice of the peace. There are many cases from other jurisdictions holding that where an action is brought before the wrong justice, and no demand is made for a change of venue, that this amounts to the waiving of objection to the jurisdiction.

The respondent cites the cases of *McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 670, and *State ex rel. Grays Harbor Commercial Co. v. Superior Court*, 118 Wash. 674, 204 Pac. 783, as controlling. Those cases, however, are distinguishable. In each of them the action was against a corporation and not against an individual, and it was held, under the particular statute, that the court, when the action was brought against a corporation in the wrong county, did not acquire jurisdiction for any purpose.

As we have seen, the justice of the peace of Ruston precinct acquired jurisdiction, not only of the person of the defendant in the action therein but also of the subject-matter, and in the absence of objection to the

jurisdiction and a demand for a change of venue to the proper precinct, the court had a right to proceed to judgment. It follows that the judgment in the present case must be reversed and the cause remanded with directions to the superior court to sustain the demurrer to the complaint.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.