[No. 31251. December 5, 1949.]

THE STATE OF WASHINGTON, *on the Relation of* OLIVE A. GROVE *et al., Plaintiff,* v. ERNEST M. CARD, *as Judge of the Superior Court of Pierce County, Respondent.*[1]

*Groff & Kelleran, William A. Herran,* and *Frank L. Walters,* for relators.

*Robert K. Keller* (of *Karr, Tuttle & Campbell*), for respondent.

PER CURIAM.—By this proceeding, we are asked to review the actions of the superior court of Pierce county in refusing trial in a case at issue then before it.

The facts are these: June 28, 1949, Olive A. Grove, a widow, and Rex Grove, a single man, instituted action in the superior court of Pierce county against J. H. Gambill and Pearl F. Gambill, husband and wife. The purpose of the action was to recover possession of real property which had been sold by the plaintiffs to defendants. The sale was evidenced by a written contract whereby defendants were to pay forty-five thousand dollars for the property. The

[1]Reported in 211 P. (2d) 1005.

contract recited that $11,900 was paid at the time of the execution of the contract, and that the balance should be paid at the rate of three hundred dollars per month. Taxes were to be paid by the buyers.

The complaint alleged failure on the part of defendants to pay taxes for the years 1948 and 1949, and certain installments as required by the agreement. The answer admitted in a general way the charges made in the complaint. It then set up two separate defenses. In the first defense, it was alleged that plaintiffs fraudulently misrepresented the past rental income of the property and the past expenses of operation; that defendants had entered into the contract of purchase because of the misrepresentations of the plaintiffs, and had been damaged by reason of the false representations made to them.

The second defense charged that, April 29, 1949, plaintiffs were served with a summons and complaint in an action entitled "J. H. Gambill and Pearl F. Gambill, his wife, plaintiffs, vs. Rex Grove, individually, and as Attorney-in-Fact for Olive A. Grove, and Jane Doe Grove, his wife, and Olive A. Grove, defendants," the action being brought in King county, Washington. Further, that the action was for damages caused by fraudulent misrepresentations made in connection with the sale of the real property heretofore mentioned.

A reply put in issue the allegations contained in the answer.

The cause was assigned for trial in the superior court of Pierce county for November 10, 1949. October 10, 1949, defendants filed a motion to stay proceedings in the Pierce county court until the action for damages had been tried in King county. The court granted the motion October 17, 1949.

■ It is the opinion of this court that the motion should have been denied. The Pierce county case involved the possession of real property. In such situations, the case must be commenced in the county in which the property is

situated. *Miles v. Chinto Mining Co.*, 21 Wn. (2d) 902, 153 P. (2d) 856, 156 P. (2d) 235; *Cugini v. Apex Mercury Mining Co.*, 24 Wn. (2d) 401, 165 P. (2d) 82.

Neither plaintiffs nor defendants have asked for a change of venue for trial of the present action, hence the action relative to the possession of the real property can not be tried in any other county than Pierce.

The issues, as made up by the pleadings filed in the superior court of Pierce county, admit of a full determination of all the controversies now existing between the parties to this action, and should be tried in Pierce county.

It is ordered that the superior court of Pierce county assign this case to its rightful place on the trial calendar and that the trial be had upon the issues as now made, or as may be made during the course of the litigation.