[Nos. 33555, 33556, 33557.   Department One.   April 12, 1956.]

HARRY A. SNYDER et al., *Plaintiffs and Relators*, v. HUBERT INGRAM et al., *Defendants*, THE SUPERIOR COURT FOR KING COUNTY, *Henry W. Cramer, Judge, Respondent*.[1]

*R. Wayne Cyphers*, for relators.

*Crollard & Crollard*, for defendants.

SCHWELLENBACH, J.—Plaintiffs commenced action in the superior court of King county alleging that they were the owners of and entitled to the possession of a specific 1955 Buick automobile, and that the defendants were in posses-

[1]Reported in 296 P. (2d) 305.

sion of and claimed some title and interest in the automobile. The prayer of the complaint sought judgment for recovery and possession of the property, together with damages for loss of use or, in the alternative, for the value of the property.

Defendants appeared specially and moved for dismissal of the action on the ground that, under RCW 4.12.010 (2), the King county court had no jurisdiction because the automobile, the subject matter of the action, was located in Chelan county at the time of the commencement of the action.

After argument on the motion, the trial court orally ruled that it would grant the dismissal. Plaintiffs then procured a writ of mandate from this court, commanding the respondent judge to show cause why this court should not issue its mandate requiring the King county court to retain jurisdiction of the action.

RCW 4.12.010 provides:

"Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:

"(1) For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title or for any injuries to real property;

"(2) All questions involving the rights to the possession or title to any specific article of personal property; in which last mentioned class of cases damages may also be awarded for the detention and for injury to such personal property."

Relators contend that the above statute relates to venue, rather than to jurisdiction. We have considered this section in several cases, sometimes interpreting it as a venue statute and other times as a jurisdictional statute. Be that as it may, this court is now committed to the doctrine that this is a jurisdictional statute, rather than one of venue.

In *Miles v. Chinto. Mining Co.*, 21 Wn. (2d) 902, 153 P. (2d) 856, 156 P. (2d) 235, an action brought in Spokane county concerning the title to real and personal property situated in Stevens county, we held that Spokane county had no jurisdiction in spite of the fact that the parties had

stipulated that the cause should be commenced and tried in Spokane county.

In *Cugini v. Apex Mercury Mining Co.*, 24 Wn. (2d) 401, 165 P. (2d) 82, after reviewing a large number of our prior decisions, many of which involved specific personal property, we held:

"The review just made indicates that this court has not been consistent in deciding those cases in which § 204 applies. We now hold as follows: The provisions of § 204 are jurisdictional in character. Actions involving title or injury to real property may only be commenced in the county in which the real property is situated. Otherwise, the action must be dismissed for want of jurisdiction. Actions instituted in the proper county may be transferred to another county for trial if sufficient cause be shown therefor. When a cause is transferred for trial, the court to which the transfer is made has complete jurisdiction to determine the issues in the case."

In *Alaska Airlines v. Molitor*, 43 Wn. (2d) 657, 263 P. (2d) 276, we said:

"RCW 4.12.010, Rem. Rev. Stat., § 204, provides that actions for the possession of land or any specific article of personal property must be commenced in the county in which the property is located. We have held that the provisions of that statute are jurisdictional and cannot be waived. *Miles v. Chinto Mining Co.*, 21 Wn. (2d) 902, 153 P. (2d) 856, 156 P. (2d) 235 (1944); *Cugini v. Apex Mercury Mining Co.*, 24 Wn. (2d) 401, 165 P. (2d) 82 (1946); *State ex rel. Grove v. Card*, 35 Wn. (2d) 215, 211 P. (2d) 1005 (1949)."

We could not hold that subdivision (1) of the statute, covering lands, is jurisdictional in character and that subdivision (2), covering specific articles of personal property, relates to venue. RCW 4.12.010 provides that actions for the following causes, (1) for the recovery, etc., of real property, and (2) questions involving the rights to the possession or title to any specific article of personal property, *shall be commenced* in the county in which the *subject of the action,* or some part thereof, is situated. Unless the action is commenced in the county in which the *subject of the action* (in this case the specific 1955 Buick automobile) is located,

the court does not have jurisdiction to determine the issues involved.

Relators contend that if we hold that RCW 4.12.010 relates to jurisdiction, it is unconstitutional in that it violates Art. II, § 19, of the state constitution, which provides:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

They point out that RCW 4.12.010 is derived from, and is identical in language with § 13 of the civil practice act, Laws of 1854, p. 133, and that that section was under the heading, "Of Venue."

They rely upon *National Ass'n of Creditors v. Brown,* 147 Wash. 1, 264 Pac. 1005. In that case, in holding an act of the legislature violative of Art. II, § 19, we said:

"The title of ch. 264, Laws of 1927, p. 614, is:

" 'An Act relating to the venue of civil actions in justice courts.'

"That title manifestly was a sufficient title for ch. 53, Laws of 1925, Ex. Ses., p. 48, for that act, as construed in *Nichols v. National Association of Creditors,* 137 Wash. 74, 241 Pac. 960, was purely a venue statute; but a casual inspection of the act of 1927 shows that it has to do with the question of jurisdiction. Its substantial provision is to the effect that, if a civil action is brought contrary to venue requirements of ch. 53, 'No jurisdiction over the defendant shall be acquired thereby, and no judgment shall be entered therein against such defendant.'

" 'Venue' and 'jurisdiction' are entirely distinct matters, and one does not embrace the other. [Citing cases.]"

The *Brown* case quoted from *Percival v. Cowychee and Wide Hollow Irr. Dist.,* 15 Wash. 480, 46 Pac. 1035:

"That the provision in the constitution in question should be reasonably construed and legislation sustained which fairly comes within the subject matter embraced in the title has been frequently held by this court. See *Marston v. Humes,* 3 Wash. 267 (28 Pac. 520); *In re Raferty,* 1 Wash. 382 (25 Pac. 465). And such we believe to be the tendency of the decisions of all of the courts. But it will not do to sustain legislation which is so foreign to the subject matter embraced in the title that one could read such title without having his attention in any manner directed toward the legislation attempted to be embraced thereunder. A title

may be as broad as the legislature sees fit to make it, and thereunder any specific legislation, as to any subject relating to the general matter thus broadly embraced in the title, sustained. But when it sees fit to adopt a restricted title and thereunder attempts to enact provisions not fairly within such restricted title, such provisions cannot be given force by reason of the fact that it would have been competent for the legislature to have adopted a more generic title and thereunder properly included all of the provisions of the act.

"The object of such constitutional provisions is twofold; first, to prevent log-rolling legislation; and second, to require such a title that one reading it would have his attention directed to every subject matter in the act."

In 1854, the Legislative Assembly of the territory of Washington enacted a complete code pertaining to the government and the people of the territory. One act contained therein was entitled: "AN ACT TO REGULATE THE PRACTICE AND PROCEEDINGS IN CIVIL ACTIONS." That act consisted of 506 sections. Everything contained therein (including § 13, from which RCW 4.12.010 is derived) was germane to civil actions to establish and enforce private rights. The title to the act was general and not restrictive.

In *Gruen v. State Tax Comm.,* 35 Wn. (2d) 1, 211 P. (2d) 651, we said:

"A general title may be said to be one which is broad and comprehensive, and covers all legislation germane to the general subject stated. It is not an objection that it covers more than the subject of the body of the act, but it must not, in any event, cover less. It is not necessary that it index the details of the act, or give a synopsis of the means by which the object of the statute is to be accomplished. All matters which are germane to the subject may be embraced in one act. Under the true rule of construction, the scope of the general title should be held to embrace any provision of the act, directly or indirectly related to the subject expressed in the title and having a natural connection thereto, and not foreign thereto. Or, the rule may be stated as follows: Where the title of a legislative act expresses a general subject or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will, or may, facilitate the accomplishment of the purpose so stated, are properly included in the act and are germane to its title."

642

The writ requiring the respondent judge to retain jurisdiction of the action is denied.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.