[Nos. 47119–3, 47139–8, 47196–7. En Banc. September 24, 1981.]

DUANE O. SHERWIN, ET AL, *Respondents,* v. LINDA ROSE ARVESON, *Appellant.*

LEON DIAMOND, ET AL, *Respondents,* v. MARK MORONI, *Appellant.*

JOSEPH D. LLOYD, ET AL, *Respondents,* v. WILLIE PRESTON, *Appellant.*

*Wayne Lieb* of *Seattle–King County Public Defender Association,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Carol Horan Rainey, Assistant,* for respondents.

ROSELLINI, J.—The appellants in these mental illness proceedings are indigent and are represented by the King County public defender, who seeks to establish certain rules with regard to procedure.

Each of the appellants was initially detained in King County by King County mental health professionals, acting pursuant to RCW 71.05.150. They were transferred to Western State Hospital for 72–hour emergency detention because of inadequate facilities in King County. Petitions for 14–day involuntary treatment were filed in King County Superior Court and were granted.

Before the expiration of the 14–day period in each case,

the respondents petitioned the Superior Court for Pierce County for 90–day involuntary treatment. All of the appellants, through counsel, moved the court for dismissal based on lack of jurisdiction. The appellants Arveson and Preston demanded a jury trial and moved for change of venue. They also asked for an order appointing an independent social worker to assist in arranging a less restrictive alternative to Western State Hospital. All of these motions were denied. The demands for jury trial were later waived and all of the cases were tried before the Superior Court for Pierce County. Preston was detained for a 90–day "less restrictive" treatment. The others were detained for up to 90–day involuntary treatment.

The issues argued on this appeal are: (1) Did the Pierce County Superior Court have jurisdiction? (2) Did the appellants have a right to be tried in the county of their residence, and to have the jury selected from that area? (3) Is MPR 5.1 (authorizing a jury trial outside the county of residence) constitutional? (4) Was the trial court's denial of a request for the appointment of a professional social worker to aid appellants' counsel a denial of effective counsel?

## I

The appellants' theory upon their first contention is that once the King County court had obtained jurisdiction of the mental health commitment proceedings, it thereafter retained jurisdiction exclusive of any other court. It is undisputed that the court had jurisdiction over the person in each case, proper service having been made; that it had jurisdiction over the subject matter pursuant to RCW 71.05.150 and .200,[1] and that the point to be decided

---

[1]RCW 71.05.150 provides that where a mental health professional decides to summon a person for up to a 72–hour evaluation and treatment period, he must file in court the summons, the petition for initial detention and all documentary evidence. RCW 71.05.200 requires a hearing to determine whether there is probable cause to detain the person more than 72 hours, such hearing to be held in superior court.

(probable cause for detention) was within the issues before the court. Thus the requisites for jurisdiction, which we specified in *State ex rel. N.Y. Cas. Co. v. Superior Court,* 31 Wn.2d 834, 199 P.2d 581 (1948), were met. The doctrine upon which the appellants have constructed their theory is that the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved. The reason for the doctrine is that it tends to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. *In re Freitas,* 53 Wn.2d 722, 336 P.2d 865 (1959).

■ That principle is generally applicable only when the cases involved are identical as to subject matter, parties and relief. This identity must be such that a final adjudication of the case by the court in which it first became pending would, as res judicata, be a bar to further proceedings in a court of concurrent jurisdiction. 20 Am. Jur. 2d *Courts* § 131 (1965). In New York, it has been held that the rule does not apply even though the first court could grant the relief sought in the second court, if such relief has not in fact been sought there. *Brandt v. Stowe,* 20 Misc. 2d 856, 194 N.Y.S.2d 77 (1959). The requirement that there be identity of subject matter, parties and relief sought is long established, having been declared by the United States Supreme Court in *Buck v. Colbath,* 70 U.S. (3 Wall.) 334, 18 L. Ed. 257 (1865).

■ Here the relief sought in the 90–day detention proceeding was different from that sought in the initial petition, although the subject matter was the same. When the King County Superior Court granted the 14–day detention order, it had provided all of the relief that was statutorily authorized pursuant to that petition. It thereby exhausted its jurisdiction over the proceeding. That jurisdiction could be renewed only by filing a petition for a further extension. Therefore, the fact that a prior proceeding had been conducted in King County was not an impediment to the initiation of a subsequent proceeding in some other county. The appellants have not shown how any conflict could result

from this procedure.

RCW 71.05.230 provides that a person detained for 72-hour evaluation and treatment may be detained for not more than 14 additional days of either involuntary intensive treatment or a less restrictive alternative, provided certain conditions are met, including the filing of a petition "with the court", and obtaining an order of commitment following a hearing.

RCW 71.05.280–.320 provide for a 90–day extension if ordered by the superior court in a procedure initiated by the filing of a new petition.

While RCW 71.05.230 provides that the 14–day petition shall be filed with "the court" and RCW 71.05.290 requires the 90–day petition to be addressed to "the superior court", neither designates the county in which the proceeding shall be brought. The parties here are in apparent agreement, however, that the initial petitions were properly filed in King County.

MPR 5.1, promulgated pursuant to statutory authority to make rules for mental health proceedings (RCW 71.05.570), expressly provides that such proceedings shall be brought in the county in which the person is being detained.[2] The respondent acted pursuant to that rule. This rule was designed for the convenience both of the detainees and the witnesses. The respondents point out that it would be detrimental to the functioning of the mental institutions if they had to send their personnel to distant counties whenever a new extension was needed. Conducting such a proceeding in the court nearest the institution not only entails less stress for the patient but also saves valuable time for institution personnel involved in the proceeding.

Inasmuch as the petition for a 180–day extension involves the conduct and condition of the person within the

---

[2]"Proceedings pursuant to RCW 71.05, shall be brought in the superior court of the county in which the person is being detained. The court, for good cause, may transfer a proceeding to the county of respondent's residence, or to the county in which the alleged conduct evidencing need for treatment occurred." MPR 5.1.

institution (*see* RCW 71.05.280), it is apparent that the principal witnesses at the hearing will be institution personnel. Thus, in the ordinary case, the convenience of witnesses is served by holding the proceeding in the county where the institution is located. In the event that another court would be more convenient, a change of venue can be had under the rule. There was no motion for change of venue based on alleged convenience of witnesses in any of these cases.

There is nothing in the statute which suggests that the jurisdiction of any court is continuous. The only provision which specifies the proper court in which to institute a proceeding is RCW 71.05.320, providing for a further (180–day) extension upon petition. This section requires that the petition be filed in the county in which the facility is located, a requirement which is in harmony with MPR 5.1.

We conclude that the Superior Court for Pierce County had jurisdiction to hear the petitions.

## II

The appellants maintain that they have a right to be "tried" in the court of their residence and to have a jury selected from that area. While the appellants in two of these cases moved for a change of venue, they did not allege any statutory ground (*see* RCW 4.12.030), but rather alleged that the court lacked jurisdiction, and that they had an absolute right to a change of venue. The latter contention was based in part on RCW 4.12.025, which provides that an action may be brought in the county where the defendant resides and RCW 4.12.027, which provides for a change of venue on demand if brought in the wrong county. However, venue is a matter of procedure rather than substance. *State ex rel. King County v. Superior Court*, 104 Wash. 268, 176 P. 352 (1918). It is therefore a proper subject for court rules, which supersede conflicting statutes. *State v. Smith*, 84 Wn.2d 498, 527 P.2d 674 (1974).

The appellants propose that the word "detained", as used in the rule, refers to the county in which the person

was originally detained, which in this case would be King County. However, the statute calls for successive petitions, and the rule uses the present tense—the county in which the person is *being detained.* The reference, therefore, is to the county in which the person is being detained at the time of the petition. This is also the legislative intent with respect to 180–day petitions. *See* RCW 71.05.320(2).

█ The appellants contend that because they have a right to a jury trial (*see In re Quesnell,* 83 Wn.2d 224, 517 P.2d 568 (1973)), they also have a right to be tried in the county of their residence. They maintain that at the time the constitution was adopted, persons proceeded against for commitment as mental incompetents were entitled to have that issue decided in the county where they resided. While the appellants' authorities establish that the right of jury trial is preserved to the same extent it existed at the time the constitution was adopted, they do not hold that the rules of venue are also preserved.

The appellants cite *In re Ellern,* 23 Wn.2d 219, 160 P.2d 639 (1945); *State v. Strasburg,* 60 Wash. 106, 110 P. 1020 (1910); and *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 P. 958 (1897). In *Ellern,* it was held that whatever right may have been given to a trial by jury in proceedings to adjudicate insanity by a territorial statute, a constitutional guaranty that the right to trial by jury shall remain inviolate preserves such right to the extent given by the statute. Inasmuch as the Code of 1881, § 1632, which was in effect when the constitution was adopted, provided that when the mental condition of a person was the subject of judicial inquiry, he had the right to demand a jury trial, that right was preserved. The statute, however, made no reference to venue and gave no right with respect to it. In *Strasburg,* this court held unconstitutional an act which denied to an accused in a criminal action the right to have the question of his sanity tried to a jury. In the *Mullen* case, it was held that the constitutional provision (Const. art. 1, § 21) declaring that the right of trial by jury shall remain inviolate is inapplicable in a proceeding to try the right to a

public office.

Thus, none of these cases supports the proposition that there is a constitutional right to have commitment proceedings conducted in the county of one's residence. In fact, the Code of 1881, §§ 1631–33 gave to the probate courts authority to deal with allegedly insane persons within the county, regardless of the person's place of residence. The contention that the appellants had a constitutional right to a jury trial in the county of their residence is without merit.

### III

The appellants propose that MPR 5 conflicts with RCW 4.12.025, and is therefore unconstitutional. The only authority cited is *Bill Dreiling Motor Co. v. Court of Appeals,* 171 Colo. 448, 468 P.2d 37 (1970), where the Colorado court said that, absent constitutional authority, it could not adopt a rule which changed the jurisdiction of a court contrary to a statutory provision. Conceding the validity of that principle for purposes of argument, it does not establish the appellants' proposition. Venue is not jurisdictional (*Snyder v. Ingram,* 48 Wn.2d 637, 296 P.2d 305, 60 A.L.R.2d 482 (1956)). It is merely procedural, and so the principle has no application.

### IV

The appellant Preston maintains that he could not be effectively represented by counsel because the court refused to appoint a social worker to investigate alternatives to confinement in the state hospital. The responsibility for this investigation rests on the hospital staff, under the statute. *See* RCW 71.05.310, .320. The United States Supreme Court has held that, even in a criminal case, there is no constitutional mandate that experts be appointed to assist the defendant. *United States ex rel. Smith v. Baldi,* 344 U.S. 561, 97 L. Ed. 549, 73 S. Ct. 391 (1953).

The statute, RCW 71.05.300, gives the court discretion to appoint a professional to seek less restrictive alternatives. There is no showing that the court abused its discretion in denying the request in Mr. Preston's case. The evidence

showed that professionals at the institution were pursuing less restrictive alternatives for his care and custody, an effort in which his counsel had joined. All were agreed that Mr. Preston was not suffering from a treatable mental illness, but rather was so severely retarded that he was incapable of caring for himself; and that a hospital was not an appropriate environment, since he could not utilize its services and would be adversely affected by the association with other mental patients. There is no showing that the facility to which Mr. Preston was scheduled to be transferred was an inappropriate environment for him and nothing to indicate that his counsel did not function effectively in his behalf. There appears no reason to disturb the judgment of the Superior Court in refusing to appoint another professional to pursue the matter.

We find no error in the proceedings. The orders are accordingly affirmed.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.

Reconsideration denied November 17, 1981.