[Nos. 67515-0-I; 67704-7-I.    Division One.    October 15, 2012.]

WILLIAM RALPH, *Appellant*, v. THE DEPARTMENT OF NATURAL RESOURCES, *Respondent*.

WILLIAM FORTH ET AL., *Appellants*, v. THE DEPARTMENT OF NATURAL RESOURCES ET AL., *Respondents*.

*Darrell L. Cochran, Loren A. Cochran,* and *Kevin M. Hastings* (of *Pfau Cochran Vertetis Amala PLLC*), for appellants.

*Robert M. McKenna, Attorney General,* and *Mark C. Jobson, Assistant,* for respondent Department of Natural Resources.

*Louis D. Peterson, Michael R. Scott,* and *Alexander M. Wu* (of *Hillis Clark Martin & Peterson PS*), for respondent Weyerhaeuser Company.

*Kelly P. Corr, Joshua J. Preece,* and *Seann C. Colgan* (of *Corr Cronin Michelson Baumgardner & Preece LLP*), for respondent Green Diamond Resource Company.

¶1 ELLINGTON, J. — Under RCW 4.12.010(1), actions alleging injury to property must be commenced in the county where that property is located. The plaintiffs here filed their actions in the wrong county, and the trial court dismissed the lawsuits for want of jurisdiction. Because Washington Supreme Court precedent interprets RCW 4.12.010 as jurisdictional, the trial court was required to dismiss, and we affirm.

## BACKGROUND

¶2 In December 2007, heavy rains caused the Chehalis River to overflow its banks, resulting in widespread flooding in Lewis County. The properties of William Ralph and William Forth were among those affected. In 2010, Forth sued the Department of Natural Resources, Weyerhaeuser Company, and Green Diamond Resource Company (collectively DNR) in King County Superior Court, alleging negligence, trespass, tortious interference with contractual relations and business expectancy, conversion, inverse condemnation, unlawful agency action, and violations of the

Shoreline Management Act of 1971[1] and the State Environmental Policy Act.[2] He sought injunctive and declaratory relief as well as general and specific damages related to the flooding. In 2011, Ralph filed a nearly identical lawsuit, also in King County. Ralph and Forth asserted that DNR's poor forestry practices made its land unstable and that during the 2007 storm, debris from landslides originating on DNR land flowed into the Chehalis River, displacing the water and flooding the river basin.

¶3 DNR moved to dismiss both actions, arguing that King County Superior Court lacked subject matter jurisdiction under RCW 4.12.010, which requires that cases involving injury to real property be brought in the county where the affected property is located. Ralph and Forth responded that RCW 4.12.010 concerns only venue, not jurisdiction. In the alternative, they claimed that their causes of action were transitory, not local, so that RCW 4.12.010 did not apply. The trial court dismissed both cases without prejudice for want of subject matter jurisdiction. Ralph and Forth (collectively Ralph) filed separate appeals, which this court consolidated.

## DISCUSSION

¶4 We first address Ralph's claim that RCW 4.12.010 does not apply here. RCW 4.12.010 reads in pertinent part:

> Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:
>
> (1) For the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the title, *or for any injuries to real property*.[3]

---

[1] Ch. 90.58 RCW.

[2] Ch. 43.21C RCW.

[3] (Emphasis added.)

¶5 Despite the statute's clear mandate, Ralph argues that his causes of action are "transitory," rather than "local," and are therefore properly brought in any county where jurisdiction over the defendants can be achieved.[4] We must disagree.

¶6 "The nature of a claim for relief is determined by the facts alleged in the complaint and as adduced thereunder, and by the relief requested."[5] In rem proceedings are local in nature, whereas a transitory action is one that at common law may be tried wherever personal service can be obtained.[6] Ralph asserts that because he seeks only monetary damages, his claims are transitory and King County is an appropriate venue. He relies on *McLeod v. Ellis*,[7] *Washington State Bank v. Medalia Healthcare LLC*,[8] and *Silver Surprize, Inc. v. Sunshine Mining Co.*[9]

¶7 In *McLeod*, our Supreme Court determined that an action for the conversion of trees was transitory because it was "one for the value of his trees as personalty merely, without any claim for injury to the land."[10] Thus, even though the land was in Pierce County, the case was properly heard in Thurston County territorial district court. Building on the reasoning of *McLeod*, this court held in *Washington State Bank* that a conversion action seeking exclusively monetary recovery "is in personam and transitory in nature and is therefore not subject to the requirement of RCW 4.12.010(2) that local actions be commenced in the

---

[4] Appellant's Br. at 19.

[5] *Silver Surprize, Inc. v. Sunshine Mining Co.*, 74 Wn.2d 519, 522, 445 P.2d 334 (1968).

[6] *Shelton v. Farkas*, 30 Wn. App. 549, 553 n.6, 635 P.2d 1109 (1981).

[7] 2 Wash. 117, 26 P. 76 (1891).

[8] 96 Wn. App. 547, 984 P.2d 1041 (1999).

[9] 74 Wn.2d 519, 445 P.2d 334 (1968).

[10] *McLeod*, 2 Wash. at 122.

county where the personal property is located."[11] And in *Silver Surprize*, our Supreme Court held that a breach of contract action is transitory and can be heard by any court with jurisdiction over the defendant.[12]

¶8 The salient difference between these cases and this one is that Ralph alleges injury to his land. Actions for injury to property have long been regarded as local.[13] The cases Ralph relies upon do nothing to alter this understanding, and we decline to extend their holdings beyond their intended scope. Because Ralph's claims involve injury to land, RCW 4.12.010 applies.

¶9 Next, Ralph claims that even if RCW 4.12.010 applies, its requirements relate to venue, not jurisdiction. He contends that interpreting the statute otherwise contravenes article IV, section 6 of the Washington State Constitution.[14] Ralph's argument, however, is inconsistent with Washington Supreme Court precedent, which we must follow.

¶10 Subject matter jurisdiction is a question of law, and our review is de novo.[15] Subject matter jurisdiction governs the court's authority to hear a particular type of controversy, not a particular case.[16] " 'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject

---

[11] *Wash. State Bank*, 96 Wn. App. at 558.

[12] *Silver Surprize*, 74 Wn.2d at 526.

[13] *See McLeod*, 2 Wash. at 120-21 (referring to actions included in the former version of RCW 4.12.010 as "always local"); 14 KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 6:5, at 185 (2d ed. 2009) ("Actions seeking possession or partition of real estate, and actions for injuries to real estate, are . . . local actions.").

[14] Article IV, section 6 reads in pertinent part, "The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."

[15] *Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 729, 254 P.3d 818 (2011).

[16] *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 317, 76 P.3d 1183 (2003).

matter jurisdiction.' "[17] When a court lacks subject matter jurisdiction, it must dismiss the case.[18] Venue, on the other hand, is a procedural issue and relates to location. "It 'is the place where the power to adjudicate is to be exercised, that is, the place where the suit may or should be heard.' "[19]

¶11 Our Supreme Court has determined that RCW 4.12.010 is a jurisdictional statute. In *Cugini v. Apex Mercury Mining Co.*, the court held that actions involving title or injury to real property are jurisdictional in character and may be commenced only in the county in which the real property is located.[20] "Otherwise, the action must be dismissed for want of jurisdiction."[21] Ten years later, in *Snyder v. Ingram*,[22] the court rejected the argument that RCW 4.12.010 is really a venue statute: "We have considered this section in several cases, sometimes interpreting it as a venue statute and other times as a jurisdictional statute. Be that as it may, this court is now committed to the doctrine that this is a jurisdictional statute, rather than one of venue."[23]

---

[17] *Id.* at 316 (internal quotation marks omitted) (quoting *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)).

[18] *Young v. Clark*, 149 Wn.2d 130, 133, 65 P.3d 1192 (2003).

[19] *Dougherty*, 150 Wn.2d at 316 (quoting 77 Am. Jur. 2d *Venue* § 1, at 608 (1997)).

[20] 24 Wn.2d 401, 409, 165 P.2d 82 (1946) (interpreting Rem. Rev. Stat. § 204(1), *recodified as* RCW 4.12.010).

[21] *Id.*

[22] 48 Wn.2d 637, 638, 296 P.2d 305 (1956) (citing *Miles v. Chinto Mining Co.*, 21 Wn.2d 902, 904, 153 P.2d 856, 156 P.2d 235 (1945) (holding that Spokane County had no jurisdiction over an action concerning the title to real property located in Stevens County because the former version of RCW 4.12.010 "has been regarded as a statute affecting jurisdiction"); *Cugini*, 24 Wn.2d at 409; *Alaska Airlines v. Molitor*, 43 Wn.2d 657, 665, 263 P.2d 276 (1953) ("We have held that the provisions of [RCW 4.12.010] are jurisdictional and cannot be waived.")).

[23] *Snyder*, 48 Wn.2d at 638. Ralph contends that *Snyder* is factually distinguishable because it concerned personal property, the possession of a Buick automobile. But the cases *Snyder* relied upon interpreted the real property section of RCW 4.12.010. In fact, the *Snyder* court noted that its holding would apply equally to RCW 4.12.010(1) and RCW 4.12.010(2). *Id.* at 639. Ralph's contention is thus unconvincing.

¶12 Ralph claims that *Snyder* is no longer good law under more recent Washington Supreme Court cases: *Young v. Clark*,[24] *Shoop v. Kittitas County*,[25] and *Dougherty v. Department of Labor & Industries*.[26] In those cases, the court interpreted filing restrictions similar to the one in RCW 4.12.010 as specifying venue and expressly overruled previous decisions holding the statutes jurisdictional. In *Dougherty*, for example, the court stated, "Statutes which require actions to be brought in certain counties are generally regarded as specifying the proper venue and 'are ordinarily construed not to limit jurisdiction of the state courts to the courts of the counties thus designated.' "[27]

¶13 We recognize that it is difficult to reconcile *Young*, *Shoop*, and *Dougherty* with *Snyder*. Indeed, our Supreme Court acknowledged the conflict in *Five Corners Family Farmers v. State*:

> If RCW 4.12.010 applied, that would raise the troublesome issue of whether that statue is one of jurisdiction, or one of venue. Unless we were to overrule *Snyder*, if RCW 4.12.010 required that this case be filed in Franklin County, the proper remedy would have been dismissal, not transfer. The parties have not briefed this issue, and we decline to address it.[28]

¶14 While the Supreme Court may overrule *Snyder* (and *Cugini*), this court cannot. We are not free to ignore the plain language of those decisions, and neither was the trial

---

[24] 149 Wn.2d 130, 65 P.3d 1192 (2003) (holding that the filing restrictions of RCW 4.12.020(3) relate to venue).

[25] 149 Wn.2d 29, 65 P.3d 1194 (2003) (holding that the interpretation of RCW 36.01.050 as jurisdictional was inconsistent with article IV, section 6).

[26] 150 Wn.2d 310, 76 P.3d 1183 (2003) (holding that the RCW 51.52.110 designation of the proper county in which to file a worker's compensation claim identified venue and was not a grant of jurisdiction).

[27] *Dougherty*, 150 Wn.2d at 316 (quoting 77 AM. JUR. 2D *Venue* § 44, at 651 (1997)).

[28] 173 Wn.2d 296, 315 n.5, 268 P.3d 892 (2011) (citations omitted).

court.[29] Thus, the trial court properly dismissed Ralph's case.[30]

¶15 Affirmed.

LEACH, C.J., and LAU, J., concur.

Review granted at 176 Wn.2d 1024 (2013).

---

[29] *See Green v. Normandy Park Riviera Section Cmty. Club, Inc.*, 137 Wn. App. 665, 691-92, 151 P.3d 1038 (2007); *Broom v. Morgan Stanley DW, Inc.*, 169 Wn.2d 231, 238, 236 P.3d 182 (2010) ("We have previously disapproved of overruling binding precedent sub silentio."); *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) ("[O]nce this court has decided an issue of state law, that interpretation is binding on all lower courts until it is overruled by this court.").

[30] Neither party addresses an issue of considerable concern: the potential effects of treating RCW 4.12.010 as applying only to venue on the stability and security of land title registration under the "Torrens Act," chapter 65.12 RCW. If the Supreme Court accepts review, it may wish to seek friend of the court briefs on that question.