

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE DEC 1 2 2019

Fairhurst, CJ

CHIEF JUSTICE

This opinion was
filed for record
at 8 am on Dec 12, 2019

Susan L. Carlson
Supreme Court Clerk

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | No. 97071-8 |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| STEVENS COUNTY DISTRICT COURT JUDGE, | ) | |
| | ) | Filed DEC 1 2 2019 |
| Petitioner. | ) | |

OWENS, J. — This case asks us to determine whether a superior court may

conduct preliminary appearance hearings for misdemeanors and gross misdemeanors

originally filed in district court. Because our court rules authorize the superior court

to conduct these hearings regardless of which court files these misdemeanors and

because there are no statutory or constitutional restrictions on this authority, we hold a

superior court may conduct preliminary appearance hearings for misdemeanors and

gross misdemeanors that are originally filed in district court. Accordingly, we affirm

the Court of Appeals' judgment and remand the case to the Stevens County Superior

Court to issue a writ of mandamus against the Stevens County District Court to accept

and file cases from the superior court.

FACTS AND PROCEDURAL HISTORY

On January 29, 2018, the Stevens County Superior Court (Superior Court)

ordered all preliminary appearance hearings for misdemeanors and gross

misdemeanors (Misdemeanors) to be heard by the Superior Court, including cases

filed in the Stevens County District Court (District Court). The Superior Court

asserted this order was necessary to prevent scheduling conflicts between the courts,

court clerks, prosecutors, defense counsel, and the county jail.

On February 2, 2018, District Court Judge Gina Tveit ordered the District

Court staff not to file any orders in a District Court case unless those orders had been

signed by a District Court judge—effectively barring any cases signed by a Superior

Court judge under the January 29 order.

On February 8, 2018, the State filed a writ of mandamus with the Superior

Court directing the District Court to permit filing of orders signed by Superior Court

judges. The Superior Court subsequently ordered the writ against the District Court.

On March 7, 2018, a visiting judge in the Superior Court held the District Court

was not required to recognize the Superior Court's orders in cases originally filed in

the District Court, reasoning that neither party cited to any case law or statute granting

the Superior Court the authority to sign orders for these cases absent the District

2

Court's authorization. The visiting judge also raised and dismissed the priority of action rule, which states that "the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved." *Sherwin v. Arveson*, 96 Wn.2d 77, 80, 633 P.2d 1335 (1981).

The State appealed the visiting judge's decision. The Court of Appeals, Division Three, reversed and held the District Court's refusal of Superior Court cases was legally erroneous. *State v. Stevens County Dist. Court Judge*, 7 Wn. App. 2d 927, 936, 436 P.3d 430 (2019). However, in its reasoning, the Court of Appeals stated a preliminary appearance hearing is "distinct from the criminal trial process" and, thus, the priority of action rule does not apply because a preliminary appearance hearing is not a "'critical stage'" of proceedings. *Id.* at 930, 935. The District Court appealed the Court of Appeals' decision, and we subsequently granted review. *State v. Stevens County Dist. Court Judge*, 193 Wn.2d 1018 (2019).

## ISSUES

1. Does the priority of action rule apply when a superior court conducts the preliminary appearance hearing for a case that was originally filed in a district court?

2. May a superior court conduct preliminary appearance hearings and enter related orders in all county misdemeanors and gross misdemeanors, even when a charge has been filed in the county's district court and the district court assumed exclusive jurisdiction over the trial process?

## STANDARD OF REVIEW

"Writs of mandamus are subject to two separate standards of review." *Cost Mgmt. Servs., Inc. v. Lakewood*, 178 Wn.2d 635, 648, 310 P.3d 804 (2013). If the issue raised is "whether a statute prescribes a duty that will support issuance of a writ," then our review is de novo. *Id.* at 649. Here, the issue is whether the Superior Court may require the District Court to file Misdemeanors after the Superior Court conducts preliminary appearance hearings for these Misdemeanors. Therefore, the issue is whether the District Court has the duty to accept these cases, so we review the Superior Court's writ de novo.

## ANALYSIS

### 1. *The Priority of Action Rule Applies When the Same Case Is Filed in Separate Courts—Not When the Proceedings for One Case Are Divided between Courts*

The priority of action rule states that "the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved." *Sherwin*, 96 Wn.2d at 80. The rule applies "only if the two cases involved are identical as to (1) subject matter; (2) parties; and (3) relief." *City of Yakima v. Int'l Ass'n of Fire Fighters*, 117 Wn.2d 655, 675, 818 P.2d 1076 (1991) (citing *Sherwin*, 96 Wn.2d at 80). The rule is intended "to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process." *Sherwin*, 96 Wn.2d at 80 (citing *In re Freitas*, 53 Wn.2d 722, 336 P.2d 865 (1959)).

We apply the priority of action rule when there are multiple filings of the same case. *See State v. Cummings*, 87 Wn.2d 612, 612, 555 P.2d 835 (1976) (charges were filed in a district court followed by an information filed in a superior court); *see also State ex rel. Harger v. Chapman*, 131 Wash. 581, 582, 230 P. 833 (1924) (a charge was filed in district court, and an information for the same case was subsequently filed in the superior court). We have never addressed whether the rule applies when the preliminary appearance hearing for one case is held in superior court, but the case itself was filed in district court.

For the priority of action rule to apply, the cases must be identical "such that a decision of the controversy by one tribunal would, as res judicata, bar further proceedings in the other tribunal." *Fire Fighters*, 117 Wn.2d at 675. "The threshold requirement of res judicata is a final judgment on the merits in the prior suit." *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865, 93 P.3d 108 (2004). Here, res judicata does not apply because there is no final judgment on the merits at a preliminary appearance hearing. Therefore, since no decision made at a preliminary appearance hearing bars further proceedings for that case under res judicata, the priority of action rule does not apply.

In contrast, the Court of Appeals reasoned the rule does not apply because a preliminary appearance hearing has "no shared identity" with the rest of a criminal trial and is not considered a "'critical stage'" of proceedings. *Dist. Court Judge*, 7

Wn. App. 2d at 935. But this reasoning improperly conflates two legal doctrines

because discussions of "'critical stages'" of proceedings are traditionally exclusive to

whether a defendant has the right to assistance of counsel. *See State v.*

*Everybodytalksabout*, 161 Wn.2d 702, 708, 166 P.3d 693 (2007) (quoting *State v.*

*Tinkham*, 74 Wn. App. 102, 109, 871 P.2d 1127 (1994)). Therefore, while we

conclude the priority of action rule does not apply in this case, we reject the Court of

Appeals' reasoning.

>    2. *Court Rules and RCW 3.66.060 Authorize the Superior Court To Conduct Preliminary Appearance Hearings for Misdemeanors Filed in District Court*
>
>       A. *CrR 3.2.1(d)(1) and CrRLJ 3.2.1(d)(1) Authorize the Superior Court To Conduct Preliminary Appearances for District Court Misdemeanors*

In Washington, "[t]he superior court shall have original jurisdiction in . . . all

cases of misdemeanor not otherwise provided for by law." CONST. art. IV, § 6.

However, the legislature may prescribe by law the jurisdiction of any inferior courts,

including district courts. CONST. art. IV, § 12; RCW 3.02.010; RCW 3.30.015.[1]

Thus, by enacted legislation, the District Court shares concurrent jurisdiction with the

Superior Court over all Misdemeanors in Stevens County. RCW 3.66.060(1)

(Concurrent Jurisdiction Statute).

---

[1] In the Revised Code of Washington, district courts and district court judges are referred to as "justice courts or justice of the peace courts" and "justices of the peace" respectively. RCW 3.30.015.

Under the courts' concurrent jurisdiction, both must abide by state court rules. *See Banowsky v. Backstrom*, 193 Wn.2d 724, 740, 445 P.3d 543 (2019) (stating the power behind article IV of the state constitution is to "'govern court procedures,'" and "[t]his court exercises that power in part by promulgating rules" (quoting *City of Fircrest v. Jensen*, 158 Wn.2d 384, 394, 143 P.3d 776 (2006) (plurality opinion))). "Our rules have the force of law," and therefore the District Court and the Superior Court may conduct any actions and proceedings that comply with court rules. *Id.* at 741.

Relevant here, CrR 3.2.1(d)(1) states, "Unless a defendant has appeared or will appear before a court of limited jurisdiction for a preliminary appearance . . . , any defendant . . . shall be brought before the superior court." Further, CrRLJ 3.2.1(d)(1) states, "*Unless an accused has appeared or will appear before the superior court for a preliminary appearance*, any accused detained in jail must be brought before a court of limited jurisdiction." (Emphasis added.) In other words, district courts shall conduct preliminary appearance hearings—but not if the superior court in their respective counties will be conducting these hearings. These court rules do not require that the preliminary appearance hearing occur in the court where the case was originally filed.

Furthermore, our court rules "shall be construed to secure simplicity in procedure, fairness in administration, effective justice, and the elimination of

unjustifiable expense and delay." CrR 1.2; CrRLJ 1.2. Here, the Superior Court asserted there were conflicts between court bodies in processing Misdemeanors. Thus, the Superior Court's reason to take over all preliminary appearances for both courts—to eliminate "unjustifiable delay"—was proper under court rules.

Regardless if a preliminary appearance hearing for a District Court case occurs in the Superior Court or the District Court, there is no court rule violation. Therefore, the Superior Court may properly conduct preliminary appearance hearings for Misdemeanors originally filed with the District Court.

### B. RCW 3.66.060 Does Not Limit the Superior Court's Authority To Conduct Preliminary Appearances for District Court Misdemeanors

We review issues of statutory construction de novo. *State v. Evans*, 177 Wn.2d 186, 191, 298 P.3d 724 (2013) (citing *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004)). "The purpose of statutory interpretation is 'to determine and give effect to the intent of the legislature.'" *Id.* at 192 (quoting *State v. Sweany*, 174 Wn.2d 909, 914, 281 P.3d 305 (2012)). When possible, we find the legislature's intent "solely from the plain language" of the statute, "considering the text of the provision . . . , the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *Id.* (citing *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010)).

Based on its plain language, RCW 3.66.060 does not exclude the Superior Court from conducting preliminary appearances for District Court cases. "The district

court shall have jurisdiction . . . to sit as a committing magistrate and conduct preliminary hearings in cases provided by law." RCW 3.66.060(2). The importance behind this language is what is missing from this provision—"*exclusive* jurisdiction." While we have "'a long history of restraint in compensating for legislative omissions,'" we have pulled back from this rule and stated we may add to a statute if "'it is imperatively required to make it a rational statute.'" *In re Postsentence Review of Leach*, 161 Wn.2d 180, 186, 163 P.3d 782 (2007) (internal quotation marks omitted) (quoting *State v. Taylor*, 97 Wn.2d 724, 728, 729, 649 P.2d 633 (1982)).

Whenever the legislature has provided courts with exclusive jurisdiction, the legislature has explicitly stated these exclusive jurisdictions. *See* RCW 13.38.060(1) ("An Indian tribe shall have *exclusive* jurisdiction over any child custody proceeding involving an Indian child." (emphasis added)); *see also* RCW 26.21A.150(1) ("A tribunal . . . issuing a spousal support order . . . has continuing, *exclusive* jurisdiction to modify the . . . order." (emphasis added)); RCW 37.08.200 ("*Exclusive* jurisdiction shall be . . . ceded to the United States over . . . Rainier National Park." (emphasis added)). And article IV, section 6 of the Washington Constitution states that superior courts retain original jurisdiction over all proceedings "in which jurisdiction shall not have been by law vested *exclusively* in some other court." (Emphasis added.)

Here, the District Court's authority to conduct preliminary appearance hearings is not "exclusive" under the Concurrent Jurisdiction Statute. Furthermore, this

9

interpretation is required "'to make [RCW 3.66.060] a rational statute'" because

interpreting the statute as granting the District Court "exclusive jurisdiction" over

preliminary appearance hearings would contradict court rules and would "trench upon

the jurisdiction of superior . . . courts." *Leach*, 161 Wn.2d at 186; CONST. art. IV,

§ 10; *see* CrR 3.2.1(d)(1); *see also* CrRLJ 3.2.1(d)(1). Therefore, RCW 3.66.060 does

not restrict the Superior Court's authority in conducting preliminary appearances for

District Court Misdemeanors.

> *C. The Superior Court May Issue a Writ of Mandamus against the District Court Because the District Court's Refusal of Superior Court Cases Is Legally Erroneous*

Superior courts may issue writs of mandamus against district courts, even

though they are an extraordinary remedy. CONST. art. IV, § 6; RCW 7.16.160;

*Walker v. Munro*, 124 Wn.2d 402, 424, 879 P.2d 920 (1994). Furthermore, "[t]he writ

must be issued in all cases where there is not a plain, speedy and adequate remedy in

the ordinary course of law." RCW 7.16.170. We uphold writs when a district court

enters an order that is "erroneous in the law, particularly where the error is not

correctable through an appeal." *City of Kirkland v. Ellis*, 82 Wn. App. 819, 829, 920

P.2d 206 (1996) (citing *State ex rel. W. Stevedore Co. v. Jones*, 145 Wash. 258, 261-

62, 259 P. 718 (1927)).

First, neither party argues whether there are other plain, speedy, and adequate

remedies available in lieu of the Superior Court issuing a writ of mandamus against

the District Court; thus, whether there are other remedies available is not an issue before us in this case. Second, the District Court's refusal of Misdemeanors from the Superior Court is legally erroneous since the Superior Court has the authority to conduct these cases' preliminary appearances. Therefore, the Superior Court's writ of mandamus against the District Court was proper, and the District Court must accept Misdemeanors from the Superior Court.

## CONCLUSION

We hold the Superior Court may preside over preliminary appearance hearings for misdemeanors and gross misdemeanors originally filed in the District Court. Court rules authorize the Superior Court to preside over these hearings regardless of whether the case was originally filed in the Superior Court or the District Court. Furthermore, RCW 3.66.060 does not restrict the Superior Court's authority to preside over these hearings. Accordingly, we affirm the Court of Appeals' judgment and remand the case to the Stevens County Superior Court to issue a writ of mandamus against the Stevens County District Court to accept cases from the Superior Court.

_(signature)_

WE CONCUR:

_Fairhurst, C.J.,_      _Wiggins, J._

_(signature) Johnson_      _González, J._

_Madsen, J._      _Gordon McCloud, J._

_Stephens, J._      _Yu, J._