# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56490-4-II |
| Respondent, | consolidated with |
| | No. 56500-5-II |
| v. | |
| JASON LEE LEFAVE, | |
| Appellant. | |

VELJACIC, J. — Jason Lee LeFave pled guilty to assault in the second degree and assault in the fourth degree. He now appeals,[1] seeking remand for correction of scrivener's error in his judgment and sentences. He argues the trial court erred because (1) the judgment and sentence for the assault in the fourth degree conviction does not indicate LeFave is indigent despite the superior court's order otherwise; and (2) both judgment and sentences do not indicate the dismissal of two unrelated pending charges against LeFave in district court, which was a term of his plea agreement.

In August 2021, LeFave pled guilty in superior court to two charges of assault. He entered two separate *Alford*[2] pleas: one for assault in the second degree, a felony, and one for assault in

---

[1] LeFave filed two notices of appeal with this court—one for each of his assault convictions. We hereby consolidate both of his appeals and address all issues in this opinion because they contain identical arguments.

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

the fourth degree,[3] a misdemeanor. In total, LeFave was sentenced to nine months' imprisonment. LeFave's guilty pleas were part of a plea agreement encompassing several cases that included the dismissal of two pending misdemeanor charges against him in district court. During sentencing, the superior court found LeFave indigent and imposed only mandatory legal financial obligations.

Despite the superior court's order of indigency, the box indicating indigence was not checked on the judgment and sentence for LeFave's assault in the fourth degree. LeFave contends that this is a scrivener's error that we should remand for the superior court to correct. The State concedes this issue. A scrivener's error is an error that, "when amended, would correctly convey the intention of the trial court." *State v. Starr*, 16 Wn. App. 2d 106, 110 at n.3, 479 P.3d 1209 (2021). Scrivener's errors are typically remedied by remand to the trial court for correction. *See State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016). We accept the State's concession and remand LeFave's judgment and sentence for correction on the issue of indigency.

LeFave also argues it is a scrivener's error that the judgment and sentences for both his superior court assault convictions do not indicate the dismissal, as agreed upon in his plea deal, of the two district court charges pending against him. The State replies that LeFave "cites to no authority that requires the terms of the plea agreement set forth in the Statement of Plea of Guilty to be memorialized in the judgment and sentence." Br. of Resp't at 5. The State also questions the authority of the superior court to dismiss "cases proceeding in a different court." Br. of Resp't at 5. We agree with the State.

Under the priority of action rule, "'the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved.'" *State v. Stevens*

---

[3] This charge was originally filed in district court, but was then dismissed in district court and refiled in superior court; it is not one of the two unrelated district court charges that were dismissed as a result of LeFave's plea agreement.

*County Dist. Ct. Judge*, 194 Wn.2d 898, 903, 453 P.3d 984 (2019) (quoting *Sherwin v. Arveson*, 96 Wn.2d 77, 80, 633 P.2d 1335 (1981)). Therefore, a superior court does not have the jurisdictional authority to dismiss pending charges in district court. The conditions of LeFave's plea agreement that require dismissal of two district court charges are properly memorialized in the statement of plea of guilty. Accordingly, we remand LeFave's judgment and sentences for correction of the indigency finding and deny the remainder of his claims for relief.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Worswick, J.

_____
Glasgow, C.J.